**CITY BUILDING SUPPLY CO., Inc.,**
**Plaintiff,**

**v.**

**SHERMAN PLASTERING CORP.,**
**Defendant.**

**No. 126–90.**

United States District Court
S. D. New York.

Dec. 31, 1957.

Leo H. Raines, New York City, for plaintiff.

Philip O. Eisenberg, New York City, for defendant.

EDELSTEIN, District Judge.

To defendant's motion for a transfer of venue, which was denied from the bench, plaintiff has cross-moved for summary judgment on a complaint based upon nonpayment for goods sold and delivered.

Defendant, a plastering sub-contractor, purchased some building materials from the plaintiff supplier for use on a job of the construction of a secondary school in Waterford, Connecticut. There is no dispute about the facts that the specified materials were sold and delivered, that their reasonable worth was $4,407.04, that these materials were received and used and that they were not paid for. But the defendant in its answer sets up the defense that the materials were not as warranted, with the consequence that their use resulted in certain construction defects for which the general contractor "withheld large sums of money due to defendant * * *", causing it damages in the sum of $4,500.

▉ The only issue of fact in the present posture of the case is whether or not the defendant suffered any damages as a result of defective materials supplied by the plaintiff. Affidavits submitted by the two architects on the job and by the chairman of the school building committee indicate that the only backcharge made on the job was for uneven plastering, in the amount of $2,500, against the general contractor. It also appears that there was a problem of wall vibration, but that no backcharge was ever made on that account. The defendant denies that the plastering job was improperly performed and submits affidavits to that effect by its supervisory workmen. The president of the defendant corporation, in his affidavit, asserts: "We have never been backcharged on this job with respect to bad work." This assertion, in the form of a negative pregnant, would seem to be merely a further denial of bad workmanship. In any event, there is left uncontradicted the fact of a $2,500 backcharge to the general contractor, whether for the bad workmanship of the defendant or otherwise. There is also left without direct or specific contradiction the statements that no other backcharges were made for any other reason. The only contradiction entered by the defendant is in its president's affidavit, as follows:

"Shortly after we finished this job, we were advised by Mr. Fisher of Columbia Casualty Company [the general contractor's bonding company], that approximately $30,000 was being held up by the Waterford School Board which was to have been paid to Thomas Construction Company [the general contractor] on this job. They advised us that these moneys were held up for many reasons, one of which was the fact that the materials which we had purchased from City Building Supply Co., Inc., and which were incorporated in the walls of this job before lathing and plastering was done, did not comply with the representations and warranties. That as a result thereof, the walls in the building were not rigid, and that they vibrated, shuddered, jarred and trembled. That these materials were for all purposes to have prevented this condition after the lathing and plastering work had been done, and that as a result of this condition the Thomas Construction Company claimed that they could not obtain payment from the school board and would not pay us * * ."

This statement is, in the first place, hearsay, or at best, on information and belief, and does not rise to the quality of sworn statements required for affidavits in opposition to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. In the second place, it does not say that one cent was in fact withheld from the general contractor or that the general contractor did not in fact pay the defendant in full, for any reason whatever. Nor is there in the record any other evidence that the defendant suffered any loss resulting from wall vibrations due to defective materials, although there is an indication that the problem of wall vibration had been raised. Not only is there no denial that a backcharge was not made for wall vibration, but the affidavit of defendant's president is

carefully worded so as not to assert that such a backcharge was made.

■ If all that remained for consideration were the fact that a $2,500 backcharge was made to the general contractor—and possibly, via the negative pregnant, to the defendant—and a denial of bad workmanship coupled with a pleading claiming damages for defective materials, a triable issue of fact might be extracted, on whether the backcharge was for bad workmanship or bad materials. Even so, the plaintiff would be entitled to partial summary judgment for the amount claimed in excess of $2,500. But the manner in which the defendant meets, or avoids, the issue of backcharge for defective materials can only stand as an admission that no such backcharge was made, thus removing the only triable issue of fact from the case.

Accordingly, the motion for summary judgment will be granted.