**CHANDLER LEASING CORPORATION, Appellant,**

v.

**Dr. Clemenceau J. LOPEZ; Dr. Ralph F. Meinhardt; d/b/a Bladen Surgical Center, Appellees.**

No. 81–1575.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 10, 1981.

Decided Jan. 22, 1982.

Richard J. Hollander, Chicago, Ill. (Howard D. Hollander, Hollander & Hollander, Chicago, Ill., Harold Laing, Wilmington, N. C., on brief), for appellant.

Joseph B. Chandler, Jr., Elizabethtown, N. C. (Chandler, Hill & Womble, P. A., Elizabethtown, N. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

The district court dismissed Chandler Leasing Corporation's diversity suit for failure to retain local counsel. Chandler appeals, and we reverse.

On May 26, 1980, Chandler Leasing Corporation (Chandler) sued Dr. Lopez and his co-defendants in the Northern District of Illinois. The suit was transferred to the Eastern District of North Carolina in August of 1980. In September, the Clerk sent the parties a letter requesting the name of North Carolina counsel pursuant to Local Rule 2.04. Plaintiffs failed to respond, so on April 1, 1980, the district judge entered an order giving Chandler 20 days to hire local counsel. When the plaintiff still did not respond, the district court entered an order on May 18, 1981, allowing 10 additional extra days in which to comply. No local counsel appeared, so the judge dismissed the complaint on June 2, 1981.

Meanwhile, Howard Hollander, plaintiff's Illinois counsel, was attempting to comply with the local rule.[1] He said he contacted Harold Laing, a North Carolina attorney, before April, 1981, and thought that Laing would make an appearance. However, Laing did nothing. Because Hollander was in the process of moving his office, he did not find out about the problem until May 26, 1980, when he finally received the court's May 18 order. He said he was unable to contact Laing until three days after the suit had been dismissed. Laing entered an appearance on June 9, 1981, but the district judge refused to re-open the case.

■ Preliminarily, we note that dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). In reviewing such a dismissal, we must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. *Id.* at 70; *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

■ Here we find no personal responsibility on the part of the client to obtain local counsel and very little prejudice to the defendants. Additionally, we know of sanctions less drastic than dismissal. Thus, the only question in this case is whether there is a pattern of deliberate dilatory action on the part of plaintiff's attorney. The record does not reveal any such deliberate action. Plaintiff's Illinois lawyer thought he had retained local counsel and was proceeding on the assumption that he had. Because he was moving his office, he was unable to respond in a timely manner to the court's orders of April and May and could not contact local counsel with appropriate instructions. We see sloppiness, perhaps, but certainly no history of *deliberately* proceeding in a dilatory fashion.

---

1. During oral argument defendant's counsel said he did not question Hollander's account of his activities in attempting to employ local counsel.

We remand to the district court to allow the appearance of local counsel for the plaintiff. The judge may take sanctions of a less drastic nature, such as payment of costs, attorneys' fees, or dismissal without prejudice. *See Bush v. United States Postal Service*, 496 F.2d 42, 45 (4th Cir. 1974).

VACATED AND REMANDED.