802 F.2d 451
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E.D.S. FEDERAL CORPORATION, Appellee,
v.
SIMCON, INC., Appellant.
 No. 85-2281.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1986.
Decided Oct. 1, 1986.
 
 Donald T. Cheatham, for appellant.
 James C. Howell (Willcox & Savage, P.C. on brief), for appellee.
 E.D.Va.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Simcon, Inc., appeals from the denial of its motion for rehearing and vacation of a summary judgment which the district court had granted in favor of plaintiff-appellee E.D.S. Federal Corporation. We reverse and remand with instructions to impose specific sanctions upon defendant's counsel.
 
 I.
 
 2
 Through a contract with the City of Mountain Brook, Alabama, defendant agreed to supply the City a computer system. To fulfill such contract, defendant entered into a separate agreement with plaintiff to purchase a computer software package, including one year of maintenance, which plaintiff would provide directly to the City. Plaintiff installed and maintained the computer system, but the system failed to meet the City's needs. Consequently, the City refused to pay on its contract with defendant, so defendant refused to pay the $48,345.00 it had agreed to pay plaintiff. Plaintiff brought this diversity action seeking defendant's payment.
 
 
 3
 In response to plaintiff's summary judgment motion, defense counsel submitted an affidavit of Gary Prince, defendant's Secretary. The affidavit failed to indicate that the City had refused to pay defendant as a result of plaintiff's alleged inadequate performance. At the summary judgment hearing, moreover, defense counsel erroneously conceded that his client had sustained no damage or loss from plaintiff's performance. In light of such concession and because the Prince affidavit was insufficient to create a factual issue as to whether plaintiff was entitled to its money, the district court, relying on City Building Supply Co. Inc. v. Sherman Plastering Corp., 21 F.R.D. 312 (S.D.N.Y. 1957), granted plaintiff summary judgment.
 
 
 4
 Ten days later, defense counsel sought relief under Fed.R.Civ.P. 59(a)(2) by filing a "Motion For A New Trial, For Rehearing Of Motion For Summary Judgment, Amendment And/Or Vacation Of Summary Judgment." In support of such motion, counsel submitted a revised affidavit of Gary Prince, an affidavit of the Mountain Brook city manager, and defendant's answers to interrogatories. These materials indicated that the City had failed to pay defendant as a result of plaintiff's failure to supply an adequate computer system and indicated a dispute as to whether plaintiff is entitled to payment by defendant.[1] The district court, however, denied defense counsel's request to set aside the summary judgment, reasoning that it would be unfair to give defendant "a second bite at the apple."
 
 II.
 
 5
 During argument to this Court, counsel for both parties acknowledged that in prior cases with facts analogous to the instant case, we have found an abuse of discretion and have directed or suggested that the district court on remand assess reasonable attorney's fees and expenses as a condition to the vacation of the judgment. See, e.g., Dove v. Codesco, 569 F.2d 807 (4th Cir. 1978); United States v. Moradi, 673 F.2d 725 (4th Cir. 1982); Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974); Chandler Leasin Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). 2 See also Compton v. Alton Steamship Co., 608 F.2d 96 (4th Cir. 1979). We believe the reasoning of these cases should apply to the instant case; thus, we reverse and remand and direct the district court to require defendant's counsel to pay plaintiff's reasonable expenses and attorney's fees for all proceedings following the grant of summary judgment, including proceedings before this Court as a condition to the vacation of judgment therein.
 
 
 6
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 At oral argument on appeal, counsel for plaintiff conceded that the materials submitted in support of plaintiff's motion for rehearing clearly raised such factual dispute
 
 
 [2]
 Compare Mullary Plastics Inc. v. Grand Trunk Western Railroad Co., 102 F.R.D. 130, 133 (N.D.111. 19 ), appeal dismissed, 742 F.2d 369 (7th Cir. i984), cert. denied, 105 S.Ct. 1409 (1985) (imposing attorney fees and expenses because to deny "Grand Trunk's motion to vacate summary judgment would be much like subjecting it to default judgment while ignoring potentially exculpatory testimony"); Bell Laboratories Inc. v. Hughes Aircraft Co., 73 F.2d 16, 22 (D.Del.1976), aff'd, 654 (3d Cir. 1977), cert. denied, 435 .S. 92 (1978), Schanen v. United States Department of Justice, No. 84-4028 (9th Cir. Aug. 20, 1986) (available August 27, 1986, on LEXIS, Genfed library, Dist file) (where the government had failed to oppose a summary judgment motion and had provided an insufficient affidavit for a Rule 60(b) motion, the circuit court on rehearing stated, "Since it was the government's lack of diligence that prolonged these proceedings, justice demands that Schanen and Tillet be compensated for their. expenses occasioned by the additional proceedings. Therefore, on remand, the district court shall order the government to recompense Schanen and Tillet for their actual and reasonable costs and attorneys' fees attributable to all proceedings following the grant of summary judgment, including proceedings before this court")