917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emily FOGLE; Roy Taylor Spurlock; Gene P. Spurlock; and
Carol Ann Sizemore, Plaintiffs-Appellants,
v.
UNITED STATES of America, d/b/a Forest Service; Tennessee
Valley Authority; and Fordson Coal Company,
Defendants-Appellees.
 No. 89-6282.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges; GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from an order of the district court dismissing their cause with prejudice.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court erred in dismissing this case.
 
 
 3
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its Memorandum Opinion of August 14, 1989, and by the magistrate in his proposed Findings of Fact and Recommendations filed January 25, 1989.
 
 
 4
 GEORGE CLIFTON EDWARDS, Jr., Judge, dissenting.
 
 
 5
 With all due regard to the Court below and my panel members, I must respectfully dissent in the court's determination to affirm the involuntary dismissal of the appellant's claim for two reasons.
 
 
 6
 First, the memorandum opinion from the court below relies on the Magistrate's findings of fact and conclusions of law. In his recommendation, the Magistrate relied solely on a test from Citizens Utility Co. v. American Telephone & Telegraph Co., 595 F.2d 1171 (9th Cir.1979) which balances judicial efficiency against a policy favoring disposition of cases on their merits. See, App. I at 33. This court, however, has consistently held that the "harsh sanction" of dismissal with prejudice is warranted only in "extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, 636 F.2d 159 (6th Cir.1980); Patterson v. Township Grand Blanc, 760 F.2d 686 (6th Cir.1986); Holts v. Pitts, 619 F.2d 558 (6th Cir.1980); Bishop v. Cross, 790 F.2d 38 (6th Cir.1986); Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988).
 
 
 7
 A court may consider efficiency and has every right to control its docket as the Magistrate discussed in his finding. (App. I at p. 33) However, as Justice Black once stated:
 
 
 8
 "Whenever we allow the desire to reduce court congestion to justify the sacrifice of substantial rights of the litigants in cases like this, we attempt to promote speed in administration, which is desirable, at the expense of justice, which is indispensable to any court system worthy of its name." Link v. Wabash Railroad, 370 U.S. 626, 648-9 (1962) (Black, J. dissent).
 
 
 9
 The clear rule in this circuit is that the decision to dismiss with prejudice must include more than delay. Instead, there must be some finding of willful conduct or fault by the plaintiff that "no alternative sanction" would deter or correct to warrant an involuntary dismissal Carter at 161.
 
 
 10
 Involuntary dismissal is considered the most harsh sanction and, as such, many circuits agree with the rule from Carter requiring some element of bad faith or fault chargeable to the plaintiff and consideration of lesser sanctions. See, Kotlicky v. United States Fidelity & Guaranty Co., 817 F.2d 6 (2d Cir 1987); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982); Silas v. Sears, Roebuck & Co., 586 F.2d 382 (5th Cir 1978); Moore v. St. Louis Music Supply Co., Inc., 539 F.2d 1191 (8th Cir 1976); Henderson v. Duncan, 779 F.2d 1421 (9th Cir 1986). The court below erroneously dismissed the case under Rule 41(b) solely for reasons of delay and inefficiency without the necessary finding of contumacy or consideration of lesser sanctions. (App. I at 23).
 
 
 11
 Clearly, the record in this decade-old case does present "extreme" delay. However, there is no evidence of fault or "bad faith" culpability on the part of the plaintiff in causing the delay. Rather, plaintiff's counsel by affidavit express their willingness to diligently pursue, pro-bono, the resolution of the case subject to any time constraints the court may want to impose. The plaintiffs have up to this time complied with all the requisite due dates in good faith and nothing in the record indicates the element of "egregiousness" or contumacy necessary to warrant the dismissal. Carter, supra at 161; See also, Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150 (6th Cir 1988) (Applying the egregious conduct standard to Rule 37 Discovery dismissals).
 
 
 12
 Instead, the plaintiffs' problems have been simply time and money, both necessary to defend the family legacy in this complex title action, and, both working to the advantage of the deep-pocket defendants. Moreover, there has been considerable delay caused by the defendants themselves with requests for continuances and the midstream addition of other parties to the litigation. The Government alone requested a total of five continuances during the years 1983 to 1988. The plaintiff, then, is not the only chargeable party and should not be singled out by the "harsh" and final sanction of involuntary dismissal. Efficiency must bow to notions of fundamental fairness and the court erred in not looking for some less severe sanction. See, Patterson, supra at 688. (Recognizing other disciplinary sanctions available).
 
 
 13
 Second, justice requires a court to sometimes look behind the paper pleadings to the live players in the litigation. This is not your normal, fence-line border dispute. Instead, this case concerns Kentucky mountain property that has been in the plaintiffs' family for nearly one hundred years. The plaintiffs are country people of modest means who have expended thousands of dollars already to clear the title to their property.
 
 
 14
 The problems originated some thirty or so years ago when the Federal Government became interested in the land to consolidate with other property to form the Daniel Boone National Forest. An offer was made to the plaintiffs' mother who had inherited the property from her father. The offer was rejected, but, surreptitious boundary markings later appeared on some of the land. In addition, Fordson Coal Company, a subsidiary of the Ford Motor Company, and the TVA claim to have acquired the competing sub-surface interests to part of the plaintiffs' land in the mid 1960's.
 
 
 15
 Mrs. Spurlock, the plaintiffs' mother, initiated this action in 1979 when she found the boundary markings and upon her death her heirs received both the property and this litigation. Thus, a drug-store clerk "David" has unwillingly taken on, not one, but three looming "Goliaths" armed with fully loaded-pockets to battle for the family's land. The adversaries have not claimed any undue prejudice. Nor do they stand with clean hands. Each opposing party, the government, the TVA, and Fordson Coal prolonged the litigation themselves. Certainly, then, the defendants share some culpability for the delay.
 
 
 16
 Accordingly I would rule that the plaintiffs deserve their day in court as expressed in this court's decision in Patterson v. Township Grand Blanc, 760 F.2d 686 (6th Cir.1986). Alternative sanctions would have been more "just" in this case and must be given due consideration by the Court below. Carter, supra; Patterson, supra (citing Societe Internationale v. Rogers, 357 U.S. 197 (1958)). For failing to do so, even with due regard for the court's frustration, I would reverse the dismissal and remand the case for trial on the merits.