933 F.2d 1001
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfonzo FAULK, Plaintiff-Appellant,
v.
Warden DIXON, Nurse Dwight D. High, Dentist Ray, Officer
Robert Camper, Sargeant Watson, Sargeant
Draughmon, Sargeant Barnes, Defendants-Appellees.
 No. 90-6683.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 16, 1991.
Decided May 22, 1991.
As Amended June 21, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-89-115-CRT-BO)
 Alfonzo Faulk, appellant pro se.
 Lucien Capone, III, Assistant Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alonzo Faulk seeks review of a district court order granting defendants' motion to dismiss, pursuant to Fed.R.Civ. P. 41(b), his action seeking relief under 42 U.S.C. Sec. 1983 for failure to prosecute his claims. The district court found that Faulk's failure to keep the court informed of his current address and make himself available for discovery warranted dismissal with prejudice. We review the district court's dismissal order for abuse of discretion. See Davis v. Williams, 588 F.2d 69 (4th Cir.1978).
 
 
 2
 District courts must consider four factors in evaluating the propriety of dismissing an action pursuant to Rule 41(b): (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) whether the record indicates a history of deliberately proceeding in a dilatory fashion; and (4) whether there are sanctions less drastic than dismissal. See Herbert v. Saffell, 877 F.2d 267 (4th Cir.1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982).
 
 
 3
 The district court did not discuss these factors in connection with its decision to dismiss Faulk's action. Moreover, we find that, on this record, it was premature to dismiss Faulk's action with prejudice in light of these four factors.
 
 
 4
 Defendants bear at least some of the blame for their inability to contact Faulk. It is undisputed that Faulk informed the court on June 17, 1989, of his change of address to 15-15 Hazen Street, East Elmhurst, N.Y. 11370. When defendants attempted to answer Faulk's complaint in July 1989, however, they did not send their answer to this address. The envelope defendants claimed contained their answer bears the address "520 Still Street, Raleigh, N.C. 27600." Faulk submitted a document entitled "Certificate of Service" signed by an associate attorney general which certified that defendants' answer was served at 14-14 Hazen Street, East Elmhurst, N.C. 21370. Regardless of which document is accepted as defendants' answer, both documents contained the wrong address and were sent after Faulk provided the court with a current and accurate address.
 
 
 5
 Defendants are also perhaps blameworthy for their inability to serve their first set of interrogatories on Faulk. Although defendants claim to have sent the interrogatories to the address Faulk provided to the court in June, the exhibit submitted to prove this assertion is illegible, except for the words "FLUSHING, N.Y." In any event, defendants do not dispute that they failed to include on the envelope Faulk's commitment number even though Faulk had provided this number to the court.
 
 
 6
 Defendants did not send interrogatories to the address provided by Faulk until March 1990. By this time, Faulk's address might well have changed again. We note that the record reflects that Faulk has been, and continues to be, moved frequently.
 
 
 7
 While Faulk's failure to update the court after June 1989 as to his current address until August 1990, when he responded to defendants' motion to dismiss, reflects a lack of diligence, defendants have presented no claim or evidence that he deliberately proceeded in a dilatory fashion. Defendants also have not alleged that they suffered any prejudice due to delay. Further, lesser sanctions, such as dismissal without prejudice, were available in this case. See Buxton v. Aero Mayflower Transit Co., Inc., 18 Fed.R.Serv.2d 342 (4th Cir.1974). Finally, we note that Faulk never received notice that his failure to keep the court informed of his current address might result in dismissal of his case. See generally Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990).
 
 
 8
 Should defendants, after taking appropriate steps to contact Faulk, continue to be unsuccessful in serving correspondence upon him, the court may need to reconsider dismissal under Rule 41(b), in light of the principles enunciated in Chandler. The current record, however, discloses that dismissal with prejudice at this time is unwarranted. The district court's order is therefore vacated and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.