955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jasper H. PARKS, a/k/a Jack Parks, Plaintiff-Appellant,
v.
Atwood J. HUFF, II, Defendant-Appellee.
 No. 91-1065.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1991.
Decided Feb. 10, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CA-89-40-A)
 Howell H. Sherrod, Jr., Sherrod, Stanley & Lincoln, Johnson City, Tenn., for appellant.
 William M. Moffet, W. Bradford Stallard, Penn, Stuart, Eskridge & Jones, Abingdon, V., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jasper Parks appeals the district court's dismissal of his complaint for failure to prosecute, and its refusal to reconsider that dismissal. For the reasons stated below, we affirm.
 
 
 2
 This case arises out of an automobile accident involving Parks and Atwood Huff. Parks filed suit against Huff in the district court alleging negligence and asserting jurisdiction under 28 U.S.C. § 1332. During the course of discovery, Huff filed motions to compel and for sanctions due to Parks's apparent refusal to attend depositions or submit to an independent medical examination. In its second order compelling cooperation, the district court warned Parks that "any repetition of his past conduct in failure to keep appointments in connection with this case shall result in sanctions of dismissal in this cause of action." Later, Parks's attorneys filed motions to withdraw as counsel of record, one of them stating that Parks was "very uncooperative with counsel in the negotiations and preparation of this case for trial." Leave to withdraw was granted, and Parks undertook to represent himself.
 
 
 3
 Parks failed to appear at a scheduled pre-trial conference on February 26, 1991. However, a telephone conference took place in chambers among Judge Wilson, Parks, and the defendant's counsel. The following exchange took place:
 
 
 4
 Mr. Parks requested a continuance of the February 28, 1991 trial date and then requested that he be allowed to file an affidavit regarding his reasons for the continuance. The court indicated that it was not inclined to grant the continuance but that if Mr. Parks wanted to submit an affidavit, the court would give the affidavit due consideration. However, the court repeatedly stated that Mr. Parks would need to be present on the morning of February 28, 1991 prepared to proceed to trial and that the court would rule on his request for a continuance at that time after reviewing whatever affidavit Mr. Parks submitted. The court reminded Mr. Parks that the case had been previously scheduled for trial and had been continued at the request of the plaintiff. The telephone conversation ended with the court asking Mr. Parks if he understood that he had to be present on the morning of February 28, 1991 and Mr. Parks responding that he did. Parks filed an affidavit but did not appear at the February 28 trial date. The district court dismissed pursuant to Fed.R.Civ.P. 41(b). Parks argued in his motion to set aside the dismissal order that he misunderstood Judge Wilson's directive to mean that he need not appear on February 28 if he submitted an affidavit. The district court denied the motion. Parks appeals.
 
 
 5
 A district court's order dismissing a case for failure to prosecute is reviewed for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Davis v. Williams, 588 F.2d 69 (4th Cir.1978). The Federal Rules of Civil Procedure provide that a district court may dismiss an action for failure to prosecute or to comply with the rules. Fed.R.Civ.P. 41(b). See also Link v. Wabash R.R., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").
 
 
 6
 Four factors must be considered in evaluating the propriety of dismissing an action pursuant to Rule 41(b): (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) whether the record indicates a history of deliberately proceeding in a dilatory fashion; and (4) whether there are sanctions less drastic than dismissal. Herbert v. Saffell, 877 F.2d 267 (4th Cir.1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982).
 
 
 7
 Applying these standards, we conclude that the district court did not abuse its discretion in dismissing this case. First, Parks is personally responsible for the actions leading to the dismissal. Parks was proceeding pro se at the time of the scheduled trial and, therefore, could not blame his attorneys for failing to appear. Parks's argument that he misunderstood Judge Wilson's clear directive is simply unreasonable. Second, Huff has detailed the time and expenses incurred due to Parks's delays, in addition to the cost of defending the suit. Third, Parks had a history of deliberately proceeding in a dilatory fashion as evidenced by the motions to compel and for sanctions filed during discovery. Also, Parks had already obtained one continuance. Last, dismissal was an appropriate sanction given prior warnings to Parks. Because he is proceeding in forma pauperis before this Court, monetary sanctions would have been of doubtful utility.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.