**STRATAGENE**

v.

**INVITROGEN CORPORATION**

Civ.A. No. DKC 2001–3566.

United States District Court, D. Maryland.

March 21, 2002.

Richard James Oparil, Patton Boggs LLP, Washington, DC, Marc R. Labgold, Kevin

Monroe Bell, Patton Boggs LLP, McLean, VA, for plaintiff.

Michael Jay Strauss, Fulbright and Jaworski LLP, Washington, DC, C. Kevin Speirs, Francis M. Wikstrom, David M. Bennion, Parsons Behle and Latimer, Salt Lake City, UT, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution are (1) Defendant's motion to dismiss, (2) Defendant's motion to seal, and (3) Plaintiff's motion for leave to file surreply. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.

### I. Motion to Seal.

Defendant seeks to file its motion to dismiss under seal because it and the accompanying exhibits contain "potentially sensitive information regarding Invitrogen's internal research and marketing divisions and identification of related personnel." Because the confidential information is tangential to the merits of the complaint before the court, and in light of the absence of objection to the motion, the motion to seal will be granted.

### II. Motion for Leave to File Surreply.

Plaintiff seeks leave to file a surreply in order to respond to arguments newly set forth in Defendant's reply. Despite Defendant's objection, the court will grant permission to file the surreply.

### III. Motion to Dismiss.

Defendant moves, pursuant to Fed. R.Civ.P. 41(b), to dismiss the complaint for failure to prosecute. Plaintiff has, twice before, filed identical complaints, but failed to obtain service of process within 120 days. Rather than seek an extension of the time for service, Plaintiff each time allowed the court

to dismiss the complaint without prejudice under Local Rule 103.8.a and Rule 4 m.[1] Defendant contends that the two prior dismissals without prejudice should result in the dismissal of this complaint with prejudice. For the reasons that follow, the motion will be denied.

█ The Fourth Circuit has cautioned that:

"A dismissal with prejudice [under Rule 41(b)] is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citations omitted). *Accord, Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982) (*per curiam*). District courts must take four factors into account in deciding whether Rule 41(b) dismissal is appropriate as a sanction:

(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal.

*Id.*

*Herbert v. Saffell*, 877 F.2d 267, 269–70(4th Cir.1989). *Accord, Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991). Absent some other failure to comply with rules or court orders, the failure to serve a defendant within the time provided justifies only a dismissal without prejudice. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952–53 (7th Cir.2000). The question, of course, is: when does a failure to serve "transform itself from a simple failure to obtain service to a failure to prosecute the action[?]" *Id.* at 953.

Defendant asserts that it experienced departures of key employees since March 2001, which will make it more difficult for it to respond to the complaint. It argues that the unjustified delay of eight months, coupled with its (assumed) prejudice, counsels in fa-

---

1. Had Plaintiff itself filed notices of dismissal under Rule 41(a), the first would have been without prejudice, but the second would have operated as an adjudication on the merits. The rule itself would have given Plaintiff notice of the potential dismissal with prejudice. Because the prior cases were dismissed by the court after notice only of potential dismissal without prejudice, it would be unfair to engraft the two dismissal provision of Rule 41(a) onto an analysis under Rule 41(b).

vor of dismissal with prejudice. In response, Plaintiff argues that the two prior dismissals without prejudice were properly entered and should not be disturbed. Further, it sets out the chronology of events, describing its reasons for allowing the 120 days to elapse with regard to the first complaint, and its efforts to serve the second on what it thought was the 120th day for service.[2]

 After weighing the four factors, the court concludes that the motion to dismiss will be denied. While Plaintiff was undoubtedly involved in some of the service decisions, other aspects of the delay were squarely the responsibility of counsel. Defendant anticipates some prejudice, but has not even attempted to contact any of the departed "key" personnel to ascertain their availability and willingness to provide input. Thus, the prejudice is, to some extent, merely speculative. There is no history of dilatoriness or any failure to comply with court orders. Finally, if Defendant encounters difficulty during discovery and preparation for trial occasioned by delay in prosecution, there may well be lesser measures that can help to ameliorate that difficulty. For example, depositions can be scheduled in other geographic areas. It is simply unnecessary and inappropriate to dismiss the complaint with prejudice at this time.

A separate order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to file its motion under seal BE, and the same hereby IS, GRANTED;

2. Plaintiff's motion for leave to file surreply BE, and the same hereby IS, GRANTED;

3. Defendant's motion to dismiss for failure to prosecute BE, and the same hereby IS, DENIED; and

4. The clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

---

**2.** Ironically, service on the following Monday would have been timely. This court, by Local Rule 504.1, provides that our clerk's office is closed on the Friday after Thanksgiving as well as on other legal holidays. Thus, the 120 day period would have extended to the following Monday.