**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 17-2077**

———————————

BLACK WATER MARINE EXPLORER LLC,

Plaintiff - Appellant,

v.

UNIDENTIFIED SHIPWRECKED VESSEL OR VESSELS, their apparel, tackle, appurtenances and cargo located within the coordinates 21 45' N Latitude, 75 43' W Longitude; 21 41' N Latitude, 75 46' W Longitude; 21 44' N Latitude, 75 46' W Longitude and 21 41' N Latitude, 75 43' W Longitude, in rem,

Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:13-cv-02898-PMD)

———————————

Submitted: March 13, 2018                              Decided: March 15, 2018

———————————

Before NIEMEYER, KING, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David B. Marvel, Charleston, South Carolina, for Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Black Water Marine Explorer LLC ("Black Water") appeals the district court's order dismissing its in rem admiralty action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and the district court's denial of Black Water's motion under Fed. R. Civ. P. 59(e) and 60(b)(1). We affirm.

This case was filed in October 2013, and between November 2013 and May 2016, there was no activity on the docket. In May 2016, the district court held the case in abeyance for 180 days at Black Water's request and stated that if Black Water did not take sufficient action in the case after the abeyance period, the district court would dismiss the case for lack of prosecution. After the case came out of abeyance in November 2016, the court reminded Black Water that the case was subject to dismissal for failure to prosecute and requested a status update. Black Water sent the district court a status letter suggesting that it would be appropriate for the court to enter a default order, but did not file any motions or notices on the docket. The court informed Black Water that the court would not take action based on a request in a letter. Approximately seven weeks after Black Water sent the letter, the court dismissed the case without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). The district court summarily denied Black Water's postjudgment motion.

Fed. R. Civ. P. 41(b) authorizes a district court to dismiss a case "[i]f the plaintiff fails to prosecute . . . [and] [u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." We review a district court's decision to dismiss under Rule 41(b) for abuse of discretion. *Ballard v.*

2

*Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In conducting this review, we consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks omitted). However, "the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Ballard*, 882 F.2d at 95.

Here, the district court explicitly warned Black Water both before and after the abeyance period that the court would dismiss the case if Black Water did not take action when the case came out of abeyance. *See id.* (emphasizing the "Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order"); *Davis v. Williams*, 588 F.2d 69, 71 (4th Cir. 1978) ("[T]he district court warned Davis's counsel that the action would be dismissed if it were not promptly prosecuted."). Moreover, the 180-day abeyance period came on the heels of a two-and-a-half year period during which Black Water took no formal action in the case. Finally, the district court dismissed this case without rather than with prejudice. In light of these facts, we conclude that the district court did not abuse its discretion.

After the entry of the dismissal order, Black Water filed a timely motion under Fed. R. Civ. P. 59(e) and 60(b)(1). Although Black Water invoked both Rule 59(e) and Rule 60(b)(1), because Black Water filed the motion within 28 days of the district court's

3

dismissal order, we treat the motion as a Rule 59(e) motion. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411-12 (4th Cir. 2010).

> This court reviews the denial of a Rule 59(e) motion under the deferential abuse of discretion standard. Rule 59(e) provides a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice.

*Id.* at 407. Although Black Water's brief addresses the Rule 60(b)(1) standard rather than the Rule 59(e) standard, it is clear that Black Water does not contend that there has been any intervening change in controlling law or that there is any newly available evidence. Rather, it claims that the district court's order placing the case in abeyance was "vague and confusing" and that Black Water did not disobey any order of the court. Given all the facts in this case, we conclude that the district court did not abuse its discretion in determining that the Rule 41(b) dismissal was not a clear error of law or manifest injustice.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4