Robert S. BALLARD,
Plaintiff–Appellant,

v.

Norman A. CARLSON, Director, Bureau of Prisons; Volunteers of America; Gene Finley, Community Program Manager; Gretchen Crosland, Assistant Program Director; Curtis Barnett, Counselor; Crispus Bosworth, Resident Manager; Ronnie James, Resident Employee; Michael Cohon, Resident Employee; George Stewart, Resident Employee; Friends Medical Science Research; Sharman Seth, Program Director, Defendants–Appellees.

No. 86–7112.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1989.

Decided Aug. 10, 1989.

Steven H. Goldblatt, Director, Drois K. Bernstein, Maureen F. Del Duca, Supervising Attys., Patricia M. McGillan, Judith L. Wheat, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, for plaintiff-appellant.

Glenda G. Gordon, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., on brief), James J. Nolan, Jr., Robert L. Pierson, Pierson & Pierson, Baltimore, Md., for defendants-appellees.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation; WIDENER and CHAPMAN, Circuit Judges.

POWELL, Associate Justice:

Appellant Robert Ballard, formerly a federal prisoner, challenges the dismissal of his suit alleging due process violations by Bureau of Prisons officials and the staff of a Community Treatment Center where he served part of his sentence. We conclude that the district court properly dismissed the suit as to Community Program Manager Gene Finley, and that the court's later dismissal of appellant's suit for failure to follow a court order was within its discretion.

## I.

A full statement of the facts is necessary. Appellant was convicted in 1978 in the United States District Court for the District of Maryland of interstate transportation of stolen goods, and was sentenced to eight years imprisonment. In 1983, he was transferred from the Federal Correctional Institution at El Reno, Oklahoma to a Community Treatment Center (CTC) operated by the Volunteers of America (VOA) in Baltimore. Appellant was scheduled for parole on November 8, 1983.

Between September and November 1983, appellant furnished three urine samples pursuant to the CTC's drug testing requirements. The samples were tested using the "EMIT system," a widely used screening technique. Each of the three samples showed marijuana use. In each instance, appellant was charged with unauthorized use of narcotics, and was subjected to disciplinary measures after hearings conducted by the Center Disciplinary Committee. As a result of the first two incidents, appellant lost certain privileges, and his parole date was delayed thirty days. After the third positive test, appellant was terminated from the CTC program, and he was returned to El Reno. He forfeited part of his statutory good time, resulting in further delay of his parole date. Appellant remained at El Reno until his parole in September 1984.

Appellant, proceeding pro se, initiated this litigation in the form of a petition for habeas corpus, filed in the District of Maryland on September 11, 1984. Appellant alleged that the disciplinary action violated his due process rights in that VOA staff members intentionally submitted false positive test results as part of an extortion plan directed at prisoners. He also asserted that the tests were negligently performed, contrary to the manufacturer's instructions, and that they were inaccurate. At the same time appellant filed the habeas petition, he brought suit under 42 U.S.C. § 1983 against the director of the Bureau of Prisons, the VOA, Community Program Manager Gene Finley, seven VOA employees, and the laboratory that had performed the drug tests. The district court later determined that the § 1983 suit actually sought relief under 28 U.S.C. §§ 1331 and 1361. This suit contained essentially the same allegations as the habeas petition, and sought compensatory and punitive damages.

The district court consolidated appellant's habeas petition and § 1331 suit in October 1984. Defendants Finley and Carlson filed a motion to dismiss both the petition and the suit, and appellant responded. In December, the district court discovered in a review of the file that only Carlson and Finley had been served with process. The court ordered that the other nine defendants be served, but this was not accomplished as to three VOA employees and the laboratory. In March 1985, the district court dismissed appellant's habeas petition as moot due to his release.

Defendants Carlson and Finley again moved to dismiss the § 1331 suit. The district court granted this motion, holding that appellant had not alleged any specific involvement of the defendants in the testing or the alleged extortion scheme. The court noted that Finley's involvement was confined to approval of the disciplinary actions taken on the basis of the testing, and it declined to impose liability for "relying on the EMIT test per se," holding that this reliance did not constitute a denial of due process. Jt.App. 174. The court noted that appellant "failed the test three straight times," and stated that Carlson and Finley "cannot be faulted for sending appellant back to jail following those results." Jt.App. 175.

The suit continued against the VOA defendants. Further motions were exchanged, and in December 1985, the district court referred the case to Magistrate Frederic N. Smalkin for further proceedings. The suit had at this point been pending for over a year. The Magistrate reviewed the case, and in a December 11, 1985 order stated that appellant had "utterly failed to make particularized allegations against [the] individual defendants" sufficient to allow them to mount a defense. Jt.App. 189. The Magistrate therefore ordered ap-

pellant to submit a "particularized statement reciting with specificity the *facts* upon which he relies, stated separately as to each defendant." *Id.* The Magistrate specifically warned appellant that failure to comply with this order would result in a recommendation that the district court dismiss the suit: "Plaintiff's failure to timely file such a statement and to serve it on [defendants] will result in my recommendation that this case be dismissed forthwith, with prejudice, for failure to obey an order of the court." *Id.*

Appellant did not file the statement within thirty days, nor did he file any request for extension of time. On January 15, 1986, the defendants moved for dismissal in accordance with the magistrate's order. On January 22, 1986, appellant filed a request, dated January 17, 1986, for a 30–day enlargement of time. Appellant stated that he had been placed in the hospital for chest pains, and that his house had been burglarized. The Magistrate on January 22 filed a report and a recommendation that the case be dismissed pursuant to his earlier order. The Magistrate based this recommendation on appellant's failure to file his motion for enlargement of time within the time set forth in the December 11 order, and on appellant's failure to specify the date and nature of his medical problems, the date of the burglary, and how these events would have interfered with his ability to file a timely response. Jt.App. 197–198. Appellant filed objections to the magistrate's report, stating that he was placed under a doctor's care on December 4, was hospitalized on December 9, and had been unable to work until December 31. He also stated that his house was burglarized on January 15.

The district court accepted the Magistrate's report and dismissed appellant's suit with prejudice. Jt.App. 203–207. The court found respondent's excuses meritless. The court noted that appellant was hospitalized two days before the Magistrate issued the December 11 order, and that appellant did not indicate how long he was hospitalized. Appellant returned to work on December 31, some fourteen days before the filing deadline. The court observed that the burglary did not occur until *after* the filing deadline had passed, and that appellant had given no explanation of how the burglary related to his failure to file. Appellant's timely notice of appeal followed the district court's decision.

## II.

■ Appellant first contends that the district court's dismissal of his suit for failure to obey a court order was an abuse of discretion. We disagree. The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b). In this case, appellant failed to respond to a specific directive from the court. We are not prepared to say that the district court's dismissal of the suit on this basis, or its finding that the excuses offered by appellant were insufficient, constituted an abuse of discretion.

Appellant contends that dismissal of his suit conflicts with this Court's cases setting forth four criteria for the propriety of dismissal under Fed.R.Civ.P. 41(b). These cases call for review of (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal. See *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). We also are mindful of the fact that dismissal is not a sanction to be invoked lightly. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Nonetheless, the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case. Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. See *Tolliv-*

*er v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir.1986) (noting importance of warning prior to dismissal); *Davis,* 588 F.2d at 71 (same). The warning itself was reasonable as the case had been pending for a year with no clarification of the charges against several defendants. In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse. We therefore do not find the district court's action to have been an abuse of discretion.

We also decline to disturb the district court's rejection of appellant's proffered excuses for his failure to file a timely particularized statement or motion for enlargement of time. As the district court pointed out, appellant in his own motion stated that he returned to work 14 days prior to the filing deadline. There is no indication of why any medical problem would have prevented even a timely motion for enlargement of time. The burglary of appellant's house could be of little relevance given that it occurred after the filing date had passed. Pro se litigants are entitled to some deference from courts. See, e.g., *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.

### III.

Appellant's second challenge concerns the district court's earlier dismissal of defendant Gene Finley. Appellant asserts that the district court's dismissal of Finley was improper because his approval of disciplinary actions against appellant on the basis of unconfirmed EMIT drug tests violated a regulation governing CTC's. This regulation states that "Center staff shall have each positive urine test validated to substantiate the positive result." 18 C.F.R. § 550.42(c). Appellant argues that failure to comply with this regulation constituted a due process violation on Finley's part.

This argument provides no basis for reversal, for a review of the record indicates that appellant never presented this claim to the district court. Appellant cannot rely on this argument for the first time at the court of appeals. Even if this argument had been preserved, we note that the regulation reveals no constitutional duty on the part of defendant Finley. By its terms, the regulation applies to "Center Staff," while Finley was an employee of the Bureau of Prisons, with an office at the federal court. As to Finley, we think the district court properly dismissed him as a defendant on the ground that appellant alleged no specific basis for a constitutional claim against him.

The district court's dismissal of Finley was also proper for another reason: He was entitled to qualified immunity for his official actions under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), unless such actions were in violation of clearly established law of which a reasonable person would have known. The record reveals that Finley was entitled to immunity as a matter of law. In view of cases holding that reliance on the EMIT testing procedure does not constitute a denial of due process, see, e.g., *Spence v. Farrier,* 807 F.2d 753 (8th Cir.1986), including the cases cited by the district court, appellant's claim against Finley cannot be said to have rested on clearly established law. With respect to the federal regulation on which appellant relies here, we hold for the reasons discussed above that Finley cannot reasonably have been expected to know that this regulation placed him under any constitutional duty.

### IV.

We find no error in the district court's dismissal of this suit. Accordingly, its decision is hereby

AFFIRMED.