928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee CARTER, Plaintiff-Appellant,
v.
Otie JONES, Warden, Wayne Casteel, Susan Hiatt, Howard
Carlton, Warden, Defendants-Appellees.
 Nos. 90-6144, 90-6145.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 1
 E.D.Tenn., Nos. 89-00334, 89-00847; Hull, C.J.
 
 
 2
 E.D.Tenn.
 
 
 3
 AFFIRMED.
 
 
 4
 Before MILBURN and BOGGS, Circuit Judges, and DEMASCIO, Senior District Judge.*
 
 ORDER
 
 5
 David Lee Carter is a pro se Tennessee prisoner who appeals the dismissal of his civil rights case under Fed.R.Civ.P. 37(b)(2)(C) and 41(b). His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 6
 Carter alleged a variety of constitutional violations including retaliatory transfer, inadequate psychiatric care, lack of due process regarding a disciplinary violation, and interference with his right to have access to the courts. On August 3, 1990, the court issued an order that granted the defendants leave to depose Carter at his place of incarceration. That order also required Carter to submit specific information regarding his claims to the court within 15 days. On August 20, 1990, the court issued an order that dismissed Carter's case under Fed.R.Civ.P. 37(b)(2)(C) and 41(b) because he had not complied with its prior order. It is from this judgment that Carter now appeals.
 
 
 7
 The district court's dismissal of Carter's case is reviewed under an abuse of discretion standard. See Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988). Dismissal should be used as a last resort after the district court considers the feasibility of lesser sanctions. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988). However, even if lesser sanctions are workable, dismissal will not be an abuse of discretion if a plaintiff displays egregious behavior by repeatedly failing to provide relevant facts and unprivileged information. Id. at 155-56. In determining whether the imposition of sanctions was an abuse of discretion, the court should consider: 1) whether an adversary was prejudiced by the dismissed party's failure to cooperate in discovery; 2) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 3) whether less drastic sanctions were imposed or considered before dismissal was ordered. Taylor, 861 F.2d at 986 (citing Regional Refuse Sys., Inc., 842 F.2d at 155).
 
 
 8
 Upon review, we find that the district court did not abuse its discretion in the instant case. Dismissal of Carter's case was appropriate for the reasons stated in the district court's orders dated August 3, 1990 and August 20, 1990. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989), cert. denied, 110 S.Ct. 1145 (1990); McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988).
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation