948 F.2d 1280
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Aline BROWN, Plaintiff-Appellant,
v.
Major MINTON; Captain Newton; Dr. Brock; Mr. Pencil,
Defendants-Appellees.
 No. 90-6431.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1991.
Decided Nov. 18, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-90-1316-N)
 Linda Aline Brown, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before SPROUSE, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Inmate Linda Aline Brown, appearing pro se, appeals from the district court's order dismissing without prejudice her 42 U.S.C. § 1983 action for failure to answer in forma pauperis (IFP) interrogatories. As the district court already possessed the requested information, we vacate and remand.
 
 
 2
 Initially, the district court ordered Brown to show administrative exhaustion of her action. Although, pursuant to 42 U.S.C. § 1997e, a district court may require an inmate to exhaust administrative remedies which have been certified by the district court or by the United States Attorney General to meet the minimum acceptable standards promulgated under § 1997e(b), the order was improper in this case as the Chesterfield County Jail grievance procedure had not been certified. Nevertheless, Brown provided evidence that she had administratively exhausted her claim.
 
 
 3
 Next, the district court ordered Brown to answer IFP interrogatories and warned her that failure to comply with this order could result in dismissal. Brown had supplied the requested information in an easily discernible fashion when she filed her complaint. When Brown did not respond to the interrogatories, the court dismissed her action without prejudice.
 
 
 4
 Although we note that Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990), recognizes that dismissal of a complaint for failing to comply with a court order, after explicit warning that failure to comply with the court would result in dismissal, may be justified, the facts of this case indicate that the district court, already possessing the requested information, should not have dismissed Brown's pro se action. See Ex parte Hull, 312 U.S. 546 (1941) (prisoners have constitutional right to reasonable access to state and federal courts); Procunier v. Martinez, 416 U.S. 396 (1974). We do not believe that the "without prejudice" aspect of the dismissal cures the problem. Brown should not be required to refile an action where she had complied with the court's request for information.
 
 
 5
 Accordingly, we vacate the order of the district court and remand the action for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.