17 F.3d 1434
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Richard T. Tharpe, Plaintiff-Appellant,
v.
David K. Mapp, Jr., Sheriff; Norfolk City Jail, Defendants-Appellees.
 No. 93-6807.
 United States Court of Appeals, Fourth Circuit.
 Jan. 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Richard T. Tharpe, who is in jail in Virginia, appeals from a district court order that dismissed his 42 U.S.C. Sec. 1983 complaint without prejudice. The dismissal was based on the district court's conclusion that Tharpe violated an earlier order of the magistrate judge that required Tharpe to advise the court if he was transferred, released or relocated. Because the record is insufficient to determine whether Tharpe in fact had been transferred, released or relocated, we vacate the district court's dismissal order and remand the action for further proceedings as indicated below.
 
 
 2
 Tharpe is serving a three-year sentence in the Norfolk City Jail. In May 1993, he filed a section 1983 complaint in the district court. His complaint mainly involves allegations about jail conditions and his inability to earn good time credit. On May 12, 1993, after reviewing Tharpe's pro se complaint, the magistrate judge issued a conditional filing order that contained, inter alia, the following provision:
 
 
 3
 Plaintiff must immediately advise the Court of his new address in the event he is transferred, released, or otherwise relocated while the action is pending. FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THE ACTION.... [Emphasis in original.]
 
 
 4
 Tharpe apparently received the conditional filing order. However, in July 1993, the district court clerk's office attempted to mail to Tharpe an unrelated order of the magistrate judge. That order was returned to the court by the Postal Service stamped "RETURNED TO SENDER--ATTEMPTED. NOT KNOWN." The district court concluded that Tharpe violated the notice of new address requirement of the conditional filing order and dismissed Tharpe's section 1983 complaint without prejudice. Tharpe appeals.* In both his notice of appeal and informal brief filed in this court, Tharpe alleges that he is still in the Norfolk City Jail and that he was not transferred, released or otherwise relocated while his section 1983 action was pending.
 
 
 5
 When a district court dismisses an action for failure to comply with a court order, we review for an abuse of discretion. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). Here, we hold that the district court abused its discretion because there is insufficient evidence in the record to support the court's implicit assumption that Tharpe was transferred, released or otherwise relocated from the Norfolk City Jail while his section 1983 action was pending. We therefore vacate the district court's order and remand the action for the court (1) to make factual findings on the issue of Tharpe's location while his action was pending, and (2) in light of those findings, to determine whether Tharpe violated the notice of new address requirement of the conditional filing order.
 
 
 6
 We dispense with oral argument because the factual allegations and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 
 *
 Because no amendment could cure the defect for which the district court dismissed Tharpe's complaint, the dismissal is appealable even though it was without prejudice. See Domino Sugar Corp. v. Sugar Workers Local Union 392, --- F.3d # 6D 6D6D6D# , No. 93-1449 (4th Cir. Nov. 30, 1993), slip op. at 5-6