23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Albert SCHWARTZ; Phyllis Schwartz, on behalf of themselves
and all others similarly situated, Plaintiffs-Appellants,
v.
NCNB CORPORATION; Hugh L. McColl, Jr.; James H. Hance,
Jr.; Marc D. Oken; H. L. Culbreath; James W.
Thompson; Robert H. Spilman,
Defendants-Appellees.
John HELLER, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
NCNB CORPORATION; Hugh L. McColl, Jr.; James H. Hance,
Jr., Defendants-Appellees.
Charles H. WARNKEN, Plaintiff-Appellant,
and
Sarah B. Shields, on behalf of herself and all others
similarly situated, Plaintiff,
v.
NCNB CORPORATION; Hugh L. McColl, Jr.; James H. Hance,
Jr., Defendants-Appellees.
 Nos. 93-1966, 93-1967, 93-1968.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1994.
Decided: May 20, 1994.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-90-343, CA-90-323, CA-90-90, CA-90-99)
 ARGUED: Stephen Allan Saltzburg, The National Law Center, George Washington University, Washington, D.C., for Appellants.
 Edwin Osborne Ayscue, Jr., Smith, Helms, Mulliss & Moore, Charlotte, North Carolina, for Appellees.
 ON BRIEF: Edward T. Hinson, Jr., J. Mitchell Aberman, James, McElroy & Diehl, P.A., Charlotte, North Carolina, for Appellants.
 Bradley R. Kutrow, Smith, Helms, Mulliss & Moore, Charlotte, North Carolina; Warren R. Stern, George N. Postolos, Wachtell, Lipton, Rosen & Katz, New York, New York, for Appellees.
 W.D.N.C.
 REVERSED AND REMANDED.
 Before HALL and MURNAGHAN, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The instant case arises from three different actions brought under the Securities Exchange Act.[1] All three cases were consolidated for appeal. The district court dismissed the three actions with prejudice, based on its perception that appellants' counsel had violated a protective order entered in one of the three actions, Warnken v. NCNB. Appellants request that the district court's decision be reversed, and that the cases be remanded to the district court for proceedings on the merits.
 
 
 2
 All three cases were filed as class actions, and all involved the same defendants and similar allegations. On March 23, 1990 and March 30, 1990, two actions, including Warnken, were commenced by the filing of complaints alleging violations of federal securities law against the NCNB Corporation (NCNB) and certain of its chief executive officers. The two actions were consolidated sua sponte into Warnken by the district court.[2] Plaintiffs sought discovery from defendants, which defendants opposed on the ground that motions to dismiss were then pending in the actions. The district court denied defendants' Motion to Stay Discovery.
 
 
 3
 As a condition to producing discovery, defendants requested that plaintiffs enter into a Stipulation and Protective Order. After the Stipulation was signed and submitted to the Court on August 20, 1990, the defendants produced some discovery. Thereafter, the district court (now Mullen, J.), rejected the proposed Stipulation and Protective Order because it failed to provide that ultimate disposition of confidential materials would remain subject to the court's order.
 
 
 4
 On October 4, 1990, the Warnken plaintiffs sought the defendants' consent to file a Consolidated Amended Complaint, in which plaintiffs alleged claims on behalf of a class of persons who purchased NCNB stock from March 15, 1989 until September 26, 1990. By letter of October 12, 1990, defendants informed the plaintiffs that, if they revised the proposed complaint in certain respects, defendants would not oppose a Motion to Amend the Complaint.
 
 
 5
 Plaintiffs moved to file the Consolidated Amended Complaints in the Warnken case on October 17, 1990. Judge Mullen granted the motion, and the complaints were filed on November 13, 1990.
 
 
 6
 Two new actions, Heller and Schwartz, were commenced by the filing of complaints on October 10 and October 30, 1990. Both cases were assigned to Judge Mullen. In Heller, the plaintiff sought to represent a class of persons who purchased NCNB stock from May 14, 1990 until September 26, 1990. In Schwartz, the plaintiffs sought to represent a class of persons who purchased NCNB stock from March 15, 1989 until September 26, 1990--the same class alleged in the Warnken Complaint. Defendants moved to dismiss all three actions.
 
 
 7
 The district court on February 19, 1991 held a joint hearing in open court on defendants' Motion to Dismiss the three complaints. At the hearing, the district court also considered a motion made by defendants in the Schwartz case to strike the plaintiffs' Response to the Motion to Dismiss in that case. The defendants' Motion was based on the fact that plaintiffs' local counsel in the Schwartz case, who was also the North Carolina counsel for Warnken, had appended to the Schwartz responding brief the brief filed in the Warnken case, which included certain information covered by the Protective Order in Warnken. The district court denied the Motion to Strike. The judge stated, however, that
 
 
 8
 I'm not going to throw them out of court on the [as yet unsigned] protective order.... I will make the observation, however, that in the future, if I have managed to get one of these things signed, that no amount of cooperation between the plaintiffs in violation of an order will be tolerated. I hope that's clear.
 
 
 9
 On February 20, 1991, the district court entered the Stipulation and Protective Order that had been revised in accordance with the court's earlier directive and submitted by the parties in the Warnken case. The Protective Order provided in relevant part that information designated as confidential by any party could be shown only to qualified persons, including counsel of record, experts and court personnel, and that all qualified persons were required to read the Order and agree in writing to be bound by its terms. It provided as well that confidential information could not be used "except in connection with the trial or preparation for trial of this action."
 
 
 10
 On March 28, 1991 the district court granted the Motions to Dismiss without prejudice in all three cases, finding that Fed.R.Civ.P. 9(b) had not been satisfied. The clerk's office entered final judgments in each of the cases.
 
 
 11
 According to the plaintiffs, in order to prevent any res judicata effects for the entry of judgment which they described as "mistaken[ ]," counsel in all three cases, on April 10, 1991, filed motions to vacate the judgments under Fed.R.Civ.P. 59(e). The motions were subsequently granted by Court Order of April 24, 1991, and the judgments were vacated.
 
 
 12
 Before the judgments were vacated, however, the plaintiffs decided to file the Amended Complaint. In the Amended Complaint, the plaintiffs sought to confine the claims made on behalf of the class to the allegations contained in Warnken, and to add the named plaintiffs in Schwartz and Heller as named plaintiffs in Warnken. All plaintiffs' counsel joined in representing all plaintiffs and the class. According to the plaintiffs' affidavits, all counsel agreed that no counsel could see documents falling within the Order or a draft of the Amended Complaint, until he or she signed a written statement reflecting a commitment to abide by the terms of the Protective Order.
 
 
 13
 Plaintiffs filed a Motion for Leave to Amend on April 23, 1991, and attached to their Motion the proposed Amended Complaint. In the Amended Complaint, plaintiffs alleged that NCNB and its most senior officers violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and were liable for common law fraud and/or negligent misrepresentation. Plaintiffs' claims were brought on behalf of a class of purchasers of NCNB securities during the period from March 15, 1989 to September 26, 1990. The Amended Complaint mentioned statements by NCNB personnel that the plaintiffs alleged were misleading. On the Motion for Leave to Amend, the district court stated that the proposed Amended Complaint "appeared" to satisfy Rule 9(b).[3]
 
 
 14
 The plaintiffs' Motion for Leave to File the Amended Complaint was captioned in all three cases.[4] Every allegation in the Amended Complaint fell within the allegations made in the prior Warnken Complaint, which had been dismissed without prejudice.
 
 
 15
 The district court refused to permit the filing of the Amended Complaint and, in fact, dismissed it and all three actions with prejudice, finding that the plaintiffs had violated the Protective Order: 1) by allowing counsel that had not originally been counsel in the Warnken case to see documents protected by the Order; and 2) by attempting to use protected information in the Heller and Schwartz cases. An appeal followed.
 
 
 16
 The standard of review to be applied in the instant case is deferential. As to the factual findings of the district court, we must determine whether the findings were clearly erroneous. Rawl v. United States, 778 F.2d 1009, 1014 (4th Cir.), cert. denied, 479 U.S. 814 (1986). We review the Dismissal with Prejudice for abuse of discretion. Herbert v. Saffell, 877 F.2d 267, 269-70 (4th Cir.1989).
 
 
 17
 The appellants assert that had the Motion to Submit an Amended Complaint not been captioned with all three cases, that is had it only been captioned Warnken, it would have been impossible for the district court to view their actions as violative of the protection agreement. Had the proposed Amended Complaint simply been captioned Warnken, they have claimed that they would have been entitled to use the information covered by the Protective Order. In addition, the appellants have contended that all counsel complied with the Protective Order by reading the Order and certifying their agreement to abide by it, before reading the protected information.
 
 
 18
 Moreover, the appellants have asserted that even if their actions could have been construed as a violation of the Order, their violation was unintentional.
 
 
 19
 Finally, the appellants have urged that their technical violation of the Order should not have resulted in a Dismissal with Prejudice of all the actions before the district court.
 
 
 20
 For their part, the appellees have asserted that the violation of the Protective Order was neither merely technical nor unknowing. The appellees view the appellants' actions below as an attempt unilaterally to consolidate the actions, so the non-Warnken plaintiffs could have the benefit of protected information, that would have otherwise been available only to the Warnken plaintiffs.
 
 
 21
 Whether or not the Protective Order was technically violated, it seems to us that the imposition of the harsh penalty of Dismissal with Prejudice is not supportable under our standard for its use. In Herbert v. Saffell, 877 F.2d 267, 269-70 (4th Cir.1989), this Court identified four criteria upon which to judge the propriety of a dismissal under 41(b) of the Federal Rules:
 
 
 22
 (1) the degree of personal responsibility of the plaintiff;
 
 
 23
 (2) the amount of prejudice caused the defendant;
 
 
 24
 (3) the existence of a history of deliberately proceeding in a dilatory fashion; and
 
 
 25
 (4) the existence of a sanction less drastic than dismissal.
 
 
 26
 It would appear that not one of the Saffell factors weighs in favor of the Dismissal with Prejudice.[5] First, there certainly was no personal responsibility on the part of the plaintiffs. Second, as conceded by counsel at oral argument, the prejudice to the defendants, if any, is minimal. Even if the Heller and Schwartz plaintiffs were not included in the class of plaintiffs in the amended Warnken Complaint, and even if the Heller and Schwartz counsel had not engaged in any review of the protected material, the defendants would still have had to answer an Amended Complaint based on exactly the same information contained in the complaint at issue. In other words, had the Amended Complaint consisted only of the original Warnken plaintiffs and the original Warnken counsel, the protected documents would have been available for the submission of the complaint. Consequently, we cannot see how the defendants have been prejudiced by the attempted addition of parties or counsel.
 
 
 27
 Third, although it is true that the plaintiffs' counsel were earlier chastised by the district court for violating what was to become the Protective Order, counsel thereafter attempted to comply. To the extent that the instant dispute can be characterized as a violation of the Protective Order, the ambiguous nature of the Order makes it impossible to establish the violation as willful.
 
 
 28
 Finally, the district court had available to it other options. It could, for example, have simply allowed the Warnken case to continue, striking the offending captions. Moreover, the district court could have stricken the Heller or Schwartz plaintiffs from the Amended Complaint. They could then have attempted to intervene or have appealed to this Court. It should be remembered that the motion being considered by the district court was a Motion for Leave to Amend. The district court simply could have denied its permission in whole or in part, without resorting to a Dismissal with Prejudice. It still remains conceivable that on remand the district court could dismiss the action, if it finds that the complaint does not meet the pleading requirements of Rule 9(b).
 
 
 29
 We note that a further alternative still available to the district court is the sanctioning of counsel, if it decides that a violation of the Protective Order was sufficiently egregious. While we take no position on the merits of such sanctions, we note that, where possible, such a course is preferable to one that penalizes indisputably blameless plaintiffs.
 
 
 30
 Accordingly, the district court's Dismissal with Prejudice is reversed and the case remanded.
 
 REVERSED AND REMANDED
 
 
 [1]
 The three cases were captioned 1) Schwartz v. NCNB Corp.; 2) Heller v. NCNB Corp.; and 3) Warnken v. NCNB Corp
 
 
 [2]
 At this point the District Court Judge was McMillan, J. The cases were later assigned to Mullen, J., whose ruling is the basis of the instant appeal
 
 
 [3]
 We note that the district court made no conclusive finding as to the sufficiency of the Complaint. On remand, we expect that the district court might once again take up the question of the Complaint's sufficiency
 
 
 [4]
 As noted earlier, the appellants claim (it is not possible to tell whether the claim is correct or not) that the reason for captioning all three case names was to prevent any res judicata effects of the clerk's "mistaken[ ]" entry of judgment
 
 
 [5]
 The appellees have relied on Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). There, the court found a dismissal with prejudice proper where an explicit warning by the district court was violated. Here, the appellees refer to the district court's warning that "no amount of cooperation between plaintiffs in violation of an order will be tolerated."
 Ballard is distinguishable on its facts. There, an explicit, unambiguous warning was given directly to the plaintiff that a certain act was to occur on a certain date. If it did not, the magistrate would recommend dismissal with prejudice. Moreover, the Ballard court noted that the district court had no options other than a Dismissal with Prejudice available to it.
 Here, the warning was that there should not be cooperation "in violation" of the Protective Order. At the very most, the Protective Order is ambiguous as to whether it prevented the sharing of information attendant to the filing of the proposed amended complaint. If the appellants' interpretation of the scope of the Order is correct, it seems clear that all counsel attempted to comply. If the interpretation is incorrect, there is little to suggest that the violation was willful.