65 F.3d 166
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Wayne BROWN, Plaintiff-Appellant,
v.
ATTORNEY GENERAL of the Commonwealth of Virginia, Gilmore,
Defendant-Appellee.
 No. 94-7393.
 United States Court of Appeals, Fourth Circuit.
 Aug. 4, 1995.
 
 Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges,
 OPINION
 PER CURIAM:
 
 
 1
 John W. Brown appeals from the district court's order denying his motion for a preliminary injunction and dismissing his 42 U.S.C. Sec. 1983 (1988) action.
 
 
 2
 Brown, an inmate at Mecklenburg Correctional Center, filed a Sec. 1983 action alleging thirty-eight broadly-stated claims. On July 8, 1994, the district court conditionally filed Brown's action in forma pauperis and ordered him to particularize his complaint within fifteen days. On August 11, 1994, Brown filed a motion for temporary injunctive relief, which the court denied on September 6, 1994, because Brown failed to allege specifics. The court also stated that it had come to the court's attention that Brown refused to accept a copy of the court's July 8 order directing him to particularize his claims. The court ordered Brown to comply with the court's July 8 order within fifteen days and advised him that it would not accept for filing any other pleading in the matter until Brown complied. The court further advised Brown that refusal to accept any other mail sent to him by the court would result in the dismissal of his action.
 
 
 3
 On September 19, 1994, Brown filed another motion for injunctive relief asking the court to instruct the staff at Mecklenburg to stop interfering with his mail. He claimed that on September 9, 1994,* a correctional officer came to his cell door with legal mail and stated that Brown could not receive that legal mail. Brown stated that he had not refused any legal mail. Brown subsequently filed a similar motion for injunctive relief. The court did not act on that motion before it dismissed the case and Brown noted his appeal.
 
 
 4
 On October 7, 1994, the court denied Brown's September 19 motion for injunctive relief and dismissed Brown's entire action. The court stated that Brown refused the court's mail sent to him by the clerk's office and specifically noted that Brown refused the court's July 8 order to particularize and September 6 order denying injunctive relief. Brown timely appealed from the dismissal order.
 
 
 5
 When reviewing a denial of injunctive relief by the district court, this court employs a "balance of hardship" test, evaluating the district court's assessment of (1) the likelihood of Brown's success on the merits of the underlying claim; (2) whether Brown will suffer irreparable harm if injunctive relief is denied; (3) the likelihood of harm to the Defendants if relief is granted; and (4) the public interest. Blackwelder Furniture Co. v. Selig Mfg. Co. Inc., 550 F.2d 189, 193 (4th Cir.1977). The district court's factual findings under these four factors "must be accepted unless clearly erroneous." South Carolina Dep't of Wildlife & Marine Resources, 866 F.2d at 99 (quoting Capital Tool & Mfg. Co. v. Maschinenfabrik Herkules, 837 F.2d 171, 173 (4th Cir.1988)).
 
 
 6
 The district court denied injunctive relief because it found that Brown refused the court's July and September orders. However, there is no evidence supporting this finding in the record, and Brown consistently alerted the court that he was not receiving the court's orders. Furthermore, the court never applied the four-factor Blackwelder test to Brown's preliminary injunction requests concerning the delivery of his legal mail. Therefore, we vacate and remand the case to the district court for further proceedings concerning the denial of Brown's motion for injunctive relief.
 
 
 7
 As for the dismissal of Brown's action, the district court, in its discretion, may dismiss a complaint under Fed.R.Civ.P. 41(b), if a plaintiff disobeys a court order. The district court should consider four factors before ordering a dismissal: (1) the degree of the plaintiff's personal responsibility; (2) prejudice caused to the defense; (3) any history of dilatoriness by plaintiff; and (4) the opportunity for less drastic sanctions. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). In addition, this court has emphasized that a plaintiff should receive a warning that failure to obey an order of the district court could result in dismissal. Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). The four factors set forth in Davis "are not a rigid four-prong test." Ballard, 882 F.2d at 95. This court reviews a Rule 41(b) dismissal for abuse of discretion. Id. at 96. The district court abused its discretion in dismissing Brown's complaint under Rule 41(b) because the district court did not make any of the appropriate findings under the four-factor Davis test.
 
 
 8
 First, it is not clear that Brown bears any personal responsibility for failing to comply with the July 8 order because the record does not disclose whether Brown actually received that order. In light of Brown's persistent complaints that he was not receiving his legal mail, the degree of his personal responsibility for failing to respond is unclear. Second, the prejudice to the defense is minimal at best. Third, the record does not disclose that Brown has a history of dilatoriness. Finally, dismissal is a harsh result to Brown and there are less drastic sanctions available, such as inquiring into the validity of Brown's allegation concerning the delivery of his legal mail. In addition, if Brown's allegations are true, he may have never received a warning that failure to respond would result in dismissal.
 
 
 9
 Therefore, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 This occurred three days after the court filed its September 6 order