68 F.3d 460
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David MEYERS, Plaintiff-Appellant,
v.
COMMONWEALTH of Virginia; Sergeant Smallwood; Nurse
Mceady; Rufus Fair, Correctional Officer,
Defendants-Appellees.
 No. 95-6934.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 15, 1995.
Decided: October 13, 1995.
 
 David Meyers, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, VA, for Appellees.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Meyers appeals from a district court order dismissing his action brought under 42 U.S.C. Sec. 1983 (1988) for failure to comply with an earlier court order directing Meyers to identify the defendants he wished to sue and specify the manner in which those defendants had harmed Meyers. We review dismissals pursuant to Fed.R.Civ.P. 41(b) under an abuse of discretion standard. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). In this case, we agree with Meyers's contentions on appeal that the papers he filed in response to the court's order directing him to file a more definite statement were not vague or ambiguous, and adequately identified the defendants he wished to sue and his allegations concerning the conduct of each defendant.
 
 
 2
 Meyers's response to the court's order stated that he was suing the Commonwealth, correctional officers Rufus Fair and Sergeant Smallwood, and nurse McEady, who allegedly provides medical care at his institution. Meyers described the specific time and place that Smallwood and Fair allegedly used excessive force against him, and detailed their roles in the incident. He also alleged that he suffered serious injuries as a result of the force used against him, and that McEady first negligently provided improper treatment for his injuries, and then refused to provide further medical care.
 
 
 3
 We conclude that Meyers' response to the district court's order sufficiently complied with the directives of that order. We therefore vacate the district court's order dismissing this action and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED