**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JONATHAN L. BOWMAN,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
Defendant-Appellee,                                          No. 95-1820

and

DWIGHT BUCKNER, Manager, Fleet
Operations,
Party in Interest.

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CA-94-114-5)

Submitted: November 30, 1995

Decided: November 1, 1996

Before WILKINSON, Chief Judge, and WIDENER and ERVIN,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Fluharty, H. Keith Skeen, Clarksburg, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Carol A. Casto,

Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jonathan Bowman appeals the district court's dismissal of his complaint with prejudice for the failure to prosecute and its refusal to reconsider that dismissal. For the reasons stated below, we affirm.

This case arises out of an accident involving Bowman and a United States Postal Service vehicle. Bowman first filed suit under the Federal Torts Claim Act, 28 U.S.C.A. § 2671 et seq. (West 1994) in 1992. The district court dismissed the action without prejudice for failure to prosecute after Bowman ignored all court-ordered deadlines. Bowman re-filed the same claim in 1994. Once again, Bowman completely failed to comply with court orders. The United States moved for dismissal under Fed. R. Civ. P. 41(b). The district court dismissed the action with prejudice. Bowman moved for reconsideration, which the district court denied.

A district court's order dismissing a case for failure to prosecute is reviewed under an abuse of discretion standard. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). A district court may dismiss an action for failure to prosecute or to comply with the rules. Fed. R. Civ. P. 41(b); see also Link v. Wabash R. R., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

Four factors should be considered in evaluating the propriety of dismissing an action pursuant to Rule 41(b): (1) the degree of plain-

2

tiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of resulting prejudice suffered by the defendant; and (4) the existence of less drastic sanctions. Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989). These factors are not to be applied rigidly. Ballard , 882 F.2d at 95-96.

Applying these standards, we conclude that the district court did not abuse its discretion in dismissing this case. First, Bowman was personally involved in both proceedings. He had personal knowledge of the dangers of failure to comply with court-ordered deadlines. Second, the history of both proceedings demonstrates nothing but continual warnings from the court of the need to comply with court orders. With the exception of filing the complaint, none of Bowman's filings were timely. He did not participate in any scheduled discovery after filing his second suit. Third, Bowman's inactivity and substantial non-compliance caused prejudice to the Defendant by forcing it to expend resources to defend a suit and attempt trial preparation without the required participation by the Plaintiff. Finally, less drastic sanctions did not have an effect on the Plaintiff. His actions in the second suit do not reflect a serious desire to prosecute the suit or to remedy the inadequacies of his first attempt at prosecution of the claim.

The district court's denial of Bowman's motion to reconsider was not error. Bowman did not raise any claims or issues which require the district court to reconsider the judgment under Fed. R. Civ. P. 60(b). Thus, the district court did not abuse its discretion in denying the motion. See International Longshoremen's Ass'n v. Cantaneo, Inc., 990 F.2d 794, 800 (4th Cir. 1993).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3