**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CURTIS LEON TAYLOR, SR.,
Plaintiff-Appellant,

v.                                                                              No. 95-6380

P. L. HUFFMAN; STATE OF GEORGIA,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-92-800-R)

Argued: May 9, 1997

Decided: July 22, 1997

Before HALL, WILKINS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Justin S. Antonipillai, Student Attorney, WASHINGTON
COLLEGE OF LAW, Washington, D.C., for Appellant. Mark Ralph
Davis, Senior Assistant Attorney General, Criminal Law Division,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellees. **ON BRIEF:** Anthony D. Bornstein, Supervising Attorney,
WASHINGTON COLLEGE OF LAW, Washington, D.C., for Appel-
lant. James S. Gilmore, III, Attorney General, Criminal Law Division,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis Leon Taylor, Sr. appeals an order dismissing for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) his claim against P. L. Huffman under 42 U.S.C.A. § 1983 (West 1994). Because the district court failed to determine properly whether the sanction of dismissal was appropriate, we vacate the decision below and remand for the district court to conduct the correct analysis.

I.

Taylor seeks to recover monetary damages against Huffman, who was the warden of Bland Correctional Center in Virginia where Taylor was incarcerated when he initiated this § 1983 claim. Following a remand by this court as a result of Taylor's prior appeal from a grant of summary judgment in favor of Huffman, see Taylor v. Huffman, 36 F.3d 1094 (4th Cir. 1994) (unpublished table decision) (per curiam), the district court referred this action to a magistrate judge for an evidentiary hearing and for a report and recommendation. The magistrate judge issued an order scheduling the evidentiary hearing for approximately two months later, but provided no warning that failure to attend the hearing could result in the dismissal of Taylor's claim. Nevertheless, when Taylor failed to appear for the hearing,[1] the district court dismissed his claim sua sponte pursuant to Rule 41(b).

II.

Rule 41(b) provides that a claim may be dismissed"[f]or failure of the plaintiff to prosecute or to comply with ... any order of court" and that such a dismissal "operates as an adjudication upon the merits."

_____

[1] As we learned at oral argument, Huffman's attorney likewise did not appear at the hearing.

See Fed. R. Civ. P. 41(b). We review the dismissal of an action pursuant to Rule 41(b) for abuse of discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

Because dismissal is a severe sanction that "should not be invoked lightly," district courts must consider four factors in determining whether to dismiss a claim under Rule 41(b) for failure to prosecute:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

Id. (internal quotation marks omitted); see Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Hillig v. Commissioner , 916 F.2d 171, 174 (4th Cir. 1990). A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

Here, there is nothing in the record from which we can discern that the district court applied this four-prong analysis prior to dismissing Taylor's claim. In its summary dismissal, the district court noted only that Taylor's "failure to appear has resulted in a disruption to the Court's orderly conduct of its business" and "manifests his unwillingness or inability to pursue the claims set forth in the complaint." J.A. 160. Thus, we are left to guess whether the district judge considered the appropriate factors.

Huffman contends that only one of these factors--Taylor's personal responsibility for the conduct in this case--has any bearing on whether dismissal was appropriate and that the remaining considerations are of "little or no consequence." Brief for Appellee at 7. Huffman rests this contention on the fact that Taylor is a frequent pro se litigant in federal court who undoubtedly was aware of the possibility that his case could be dismissed if he failed to appear at the evidentiary hearing. Huffman cites no authority, and we have found none, for the proposition that the "personal responsibility" factor is the sole

3

guide of the discretion of a district court under Rule 41(b) when the party facing dismissal habitually litigates in federal court. Indeed, except in cases in which a litigant ignores an explicit warning that dismissal will result from his failure to comply with an order, see Ballard, 882 F.2d at 95-96, we have consistently instructed lower courts to consider all of the required factors before dismissing a case under Rule 41(b), see, e.g., Hillig, 916 F.2d at 174 (noting that "[t]his Circuit requires that the trial court consider four factors before dismissing a case for failure to prosecute"); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (explaining that "[d]istrict courts must take four factors into account in deciding whether Rule 41(b) dismissal is appropriate as a sanction"). The fact that Taylor is a frequent litigant does not change the fact that no warning was given that his failure to appear at the evidentiary hearing would result in dismissal.**2** Therefore, the district court should have considered each of the four factors prior to dismissing Taylor's claim.

Huffman next suggests that even if the district court erred in failing to consider all of the factors, we nonetheless may affirm because their application demonstrates that dismissal was proper. However, because of the incompleteness of the record, we are in no position to conduct this analysis. Finally, Huffman asserts that there is no less drastic sanction available other than dismissal since Taylor has sought to proceed in forma pauperis. We note, however, that because Taylor had been released from prison, the magistrate judge assessed him the full filing fee and apparently revoked his in forma pauperis status. Accordingly, a sanction less severe than dismissal may be available to the district court.

III.

We vacate the dismissal of Taylor's § 1983 claim and remand for the district court to apply the correct four-part analysis in determining whether dismissal is proper under Rule 41(b). We express no opinion

_____

**2** Of course, Taylor's litigious history is a relevant consideration for the district court on remand; we simply hold that even if the district court considered Taylor's experience with federal court procedures (and the record does not indicate whether the court did so), this fact alone is not enough to obviate the need to consider each of the required factors.

4

as to whether dismissal is appropriate under this analysis, recognizing that the district court is in the best position to make this determination in the first instance based on a complete record.

VACATED AND REMANDED

5