**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLEN MARCUS FALLIN,
Appellant,

and

ROBERT DICARLO,
Plaintiff-Appellant,

v.

BALTIMORE COUNTY, MARYLAND, a
municipal corporation; WESLEY P.
MARTIN, individually and in his
official capacity as an employee of
the Department of Recreation and
Parks of Baltimore County,
Defendants-Appellees.

No. 97-2425

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-95-556-MJG)

Submitted: August 17, 1999

Decided: September 23, 1999

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Glen M. Fallin, Severna Park, Maryland, for Appellants. Virginia W. Barnhart, County Attorney, Gregory E. Gaskins, Assistant County Attorney, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert DiCarlo appeals the order of the district court declining to give effect to his notices of voluntary dismissal. DiCarlo also appeals the court's dismissal of his complaint with prejudice on the basis of his failure to comply with court orders. DiCarlo's counsel, Glen Fallin, appeals the district court's order awarding sanctions against him pursuant to 28 U.S.C. § 1927 (1994). We have reviewed the briefs and the record and have found no error. Accordingly, we affirm.

Fallin asserts that the district court abused its discretion in awarding sanctions based on his vexatious and duplicative filings. We disagree. As the district court noted, Fallin's actions were admittedly taken in an effort to frustrate the jurisdiction of the federal courts after having been previously sanctioned for similar conduct. Accordingly, the district court did not err in deciding that Fallin was acting in bad faith. See Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).

We also find no error in the district court's determination that DiCarlo's notices of voluntary dismissal were invalid. A plaintiff may move for voluntary dismissal only if the defendant has not yet filed an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(i). Unlike the cases DiCarlo relies on in his brief, in this matter the defendants had filed a motion for dismissal or summary judg-

2

ment prior to Fallin's notice. Accordingly, DiCarlo's right of voluntary dismissal had been extinguished.

Finally, the district court did not err in dismissing DiCarlo's complaint. The court warned DiCarlo no less than three times that he must obtain substitute counsel following Fallin's removal from the district court bar or, in the alternative, inform the court of his intention to proceed pro se. DiCarlo's failure to comply with these clear and explicit orders in the face of adequate warning of the consequences, persuades us that the district court did not abuse its discretion in dismissing the action. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

We therefore affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3