**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1505**

GEORGE LUTFI,

            Plaintiff - Appellant,

      v.

TRAINING ETC, INC., and its subsidiaries, whether partially or fully owned, and any of its assigns, or entities similarly named or bundled; UMBC TRAINING CENTERS, LLC,

            Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:17-cv-03201-RDB)

Submitted:  November 22, 2019                     Decided:  December 13, 2019

Before QUATTLEBAUM and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

George Lutfi, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Lutfi appeals from the district court's orders dismissing his pro se complaint without prejudice for failure to comply with a court order and denying his motion for reconsideration. Prior to the relevant court order, the district court directed that the case proceed with Lutfi as the sole Plaintiff, rather than Class Trainers of the Mid-Atlantic, which Lutfi owns as a sole proprietorship. In the relevant order, the court ordered Lutfi to complete a U.S. Marshal form for each Defendant. When Lutfi failed to do so, the court dismissed his complaint. In his motion for reconsideration and on appeal, Lutfi asserts that he should have been permitted to proceed pro se on behalf of Class Trainers. We affirm.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action based on a plaintiff's failure to comply with any order. Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). We review the decision to dismiss for failure to comply with a court's order for abuse of discretion. *See id.* at 95-96.

Here, Lutfi was explicitly warned of the necessity to file the requested forms. His disagreement with the court's early decisions did not relieve him of the responsibility to either comply with the court's order or inform the court that he declined to proceed in his own name. Moreover, given that the court dismissed his complaint without prejudice, Lutfi

2

may still assert his claim by resubmitting the action to the district court.[*] Therefore, we conclude that the court did not abuse its discretion by dismissing Lutfi's complaint without prejudice and denying his motion for reconsideration.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Should Lutfi choose to refile, we note that his argument regarding his sole proprietorship is not frivolous. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007) (stating that, while "a sole proprietorship has no legal existence apart from its owner, . . . an individual owner may represent his sole proprietorship in a pro se capacity"). However, we express no opinion on whether Lutfi may proceed pro se on the behalf of a sole proprietorship in this case.