Philip TINSLEY, III, Plaintiff,

v.

QUICK & REILLY, INC., Defendant.

No. CIV.A. 2:00cv291.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 9, 2001.

Philip Tinsley, III, Pro Se.

William E. Spivey, Kristan B. Burch, Kaufman & Canoles, Norfolk, VA, for Defendant.

**ORDER**

FRIEDMAN, District Judge.

By Order dated August 11, 2000, the Court stayed proceedings in the above-referenced matter, required the parties to proceed with arbitration per their arbitration agreement, and ordered the submission of a progress report, signed by both parties, advising the Court of the status of this matter. On November 14, 2000, Defendant Quick & Reilly ("Quick & Reilly") filed a progress report advising the Court that the plaintiff had failed to take any action to initiate an arbitration claim with respect to his claims against Quick & Reilly and that plaintiff had not responded to any of the defendant's attempts to contact him with respect to proceeding with arbitration and preparing the Court-ordered progress report. Defendant requested guidance from the Court as to how to proceed.

On December 15, 2000, the Court ordered that the parties submit to the Court, by no later than January 31, 2001, a progress report, signed by both parties, that describes the status of this matter. The Court expressly admonished the *pro se* plaintiff that his failure to comply with this order would result in the dismissal of his suit against Quick & Reilly pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). On January 31, 2001, defendant filed a second progress report advising the Court of its unsuccessful attempts to contact the plaintiff to discuss compliance with the Court's August 11, 2000 and December 15, 2000 Orders. Plaintiff has filed with the Court no response whatsoever to these orders.[1] Defendant requests that the Court dismiss Mr. Tinsley's claim with prejudice.

Rule 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order

---

1. The Court is confident that Mr. Tinsley has received its orders and the correspondence of defense counsel. Plaintiff's address of record is the same address used in recent pleadings filed by Mr. Tinsley in separate cases pending before this Court and in the Alexandria Division of the Eastern District of Virginia.

for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b). The Fourth Circuit has made clear that "courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). The Court is mindful that "dismissal is not a sanction to be invoked lightly." *Id.*

District courts traditionally consider the following four factors in determining whether dismissal is an appropriate sanction for a plaintiff's failure to prosecute: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in dismissal of his claim." *Taylor v. Huffman*, 1997 WL 407801, *1 (4th Cir. July 22, 1997); *Ballard*, 882 F.2d at 95–96 (dismissal pursuant to Rule 41(b) proper where plaintiff had been expressly warned that failure to comply with court's order would result in dismissal because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse").

Therefore, in light of the plaintiff's refusal to comply with two orders of the Court, one of which expressly admonished him that further recalcitrance on his part would result in dismissal, this action hereby is **DISMISSED** with prejudice.

The Clerk is **REQUESTED** to send copies of this Order to the *pro se* plaintiff and to counsel for the defendant.

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia 23510. This written notice of appeal must be received within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**