**UNITED STATES, Plaintiff–Appellee,**

v.

**Philip TINSLEY, III, Defendant–Appellant.**

**No. 01–1254.**

United States Court of Appeals,
Federal Circuit.

DECIDED: May 10, 2001.

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

ORDER

The United States moves to dismiss for lack of jurisdiction. Philip Tinsley moves "for judgment."

On November 26, 2000, Tinsley received a traffic violation notice for operating a vehicle with expired plates on federal property. After a bench trial before the United States District Court for the Eastern District of Virginia on February 9, 2001, a magistrate judge found Tinsley guilty of the charged offense. On the same date, Tinsley filed a notice of appeal from the magistrate judge's decision to a district court judge. On February 28, 2001, before the district court judge acted on Tinsley's appeal, Tinsley filed a notice of appeal to this court "from the final judgment of 'guilty' and the change of a civil case to a criminal case from Magistrate Judge Weldon Curtis Sewell, entered in this action on the 9th day of February, 2001."

The United States asserts that our limited jurisdiction does not permit review of Tinsley's conviction. We agree. Our review authority over appeals from the United States district courts is limited primarily to cases arising under the patent laws and certain claims against the federal government for money damages not exceeding $10,000. *See* 28 U.S.C. § 1295. A challenge to a criminal conviction by a United States magistrate judge does not fall within our limited jurisdiction. *See* 18 U.S.C. § 3402 (conviction by a United States magistrate judge may be appealed to a United States district judge); 28 U.S.C. § 1294 (except as provided in 28 U.S.C. §§ 1292(c), (d) and 1295, appeals from reviewable decisions of the district court shall be taken to the court of appeals for the circuit embracing the district).

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion to dismiss is granted.

(2) Tinsley's motion "for judgment" is denied.

(3) Each side shall bear its own costs.