Philip **TINSLEY III,** Plaintiff,

v.

**UNITED STATES,** Defendant.

No. 06–376C.

United States Court of Federal Claims.

Aug. 2, 2006.

## ORDER

HORN, Judge.

The *pro se* plaintiff in the above-captioned case, who appears to be a frequent litigant according to the allegations in and documents attached to the complaint, brings this action seeking $20,000,000.00 in damages against the United States Department of Justice (DOJ) and the United States District Court for the Eastern District of Virginia for alleged "violations of the Vth Amendment to the U.S. Constitution (U.S. Const.) and violations of 18 U.S.C.A. § 1505...." The facts presented in the plaintiff's complaint also allege violations of due process by judges and employees of the United States District Court for the Eastern District of Virginia, and by Paul J. McNulty, United States Attorney for the Eastern District of Virginia, and Dr. Condoleezza Rice, the United States Secretary of State.

The plaintiff's complaint attempts to lay out an extensive history of one-way communication between the plaintiff and the United States District Court for the Eastern District of Virginia, along with his many attempts to file civil and criminal complaints against judges and clerks of the District Court, as well as other individuals, including the Governor of Virginia, Timothy Kaine. The District Court has refused to file the plaintiff's complaints. The plaintiff begins his complaint in this court by incorrectly stating that a default judgment was entered against the United States in *Tinsley v. United States,* No. 00–162 (Fed. Cl. filed Mar. 30, 2000). Case number 00–162 was assigned to the undersigned judge, who dismissed the plaintiff's complaint for lack of jurisdiction on August 4, 2000. Therefore, no default judgment was entered against the United States in that case.

The plaintiff continues his complaint by addressing a case he attempted to file in the United States District Court for the Eastern District of Virginia, Richmond Division. Specifically, the plaintiff claims that on February 21, 2006, he attempted to file a complaint in that court against Mary Washington Hospital alleging that his mother, Mrs. Hermione Bell Tinsley's civil rights had been violated and that "she died in the Mary Washington Hospital as a result of having her civil rights violated."

The plaintiff states that by February 24, 2006, his complaint in the District Court had not been filed and returned to him, so he sent a facsimile to the United States Attorney General charging the District Court with violation of the Fifth Amendment to the United States Constitution and obstruction of justice. In his facsimile, the plaintiff stated: "Please immediately charge the U.S. District Court for the Eastern District of Virginia's Richmond Division with violating the '... due process of law' clause of the Vth Amendment to the U.S. Constitution and with obstruction of justice, 18 U.S.C.A. § 1505...." The February 24, 2006 facsimile provided in the plaintiff's complaint indicates that the plaintiff provided a copy of the facsimile to the Department of Defense and the United Nations Office at Geneva. The plaintiff further claims that by February 27, 2006, his case still had not been filed, so he sent another facsimile to the Attorney General, again charging the District Court with violation of the plaintiff's due process rights and obstruction of justice. The copy of this facsimile provided in the plaintiff's complaint indicates that the plaintiff provided the facsimile to the President of the United Nations General Assembly, the United States Health and Human Services Department, and the Department of Defense. The plaintiff sent a third facsimile on February 28, 2006, again charging the District Court with obstruction of justice and violation of the plaintiff's due process rights. In the plaintiff's February 28, 2006 facsimile, the plaintiff stated: "Everyday that it [plaintiff's complaint] is not received for service is an additional charge of obstruction of justice...."

On March 1, 2006, the plaintiff sent a facsimile to the United States Marshal Service and the United States Attorney requesting "the immediate arrest and disbarment of Mr. James R. Spencer who claims to be the Chief Judge of the U.S. District Court for the Eastern District of Virginia's Richmond Division. The charges are impersonating, 18 U.S.C.A. § 912; obstruction of justice, 18 U.S.C.A. § 1505; making false statements, 18 U.S.C.A. § 1001; conspiracy to interfere with civil rights (where death has resulted), 18 U.S.C.A. § 241; and gross incompetence."

On March 17, 2006, the plaintiff sent a facsimile to the United States Attorney, Paul J. McNulty, charging the Clerk of the District Court with obstruction of justice for "illegally returning the filing fee and not returning the filed case...." The plaintiff provided a copy of that facsimile to the President of the United Nations and the National Association for the Advancement of Colored People (NAACP). On April 3, 2006, the plaintiff attempted to file a federal complaint against Timothy N. Kaine, the Governor of Virginia, alleging violations of the Fourteenth Amendment to the United States Constitution and mail fraud. The District Court returned the plaintiff's complaint against Governor Kaine unfiled. The plaintiff then sent his complaint against Governor Kaine to the United States Attorney, who also returned the plaintiff's complaint unfiled. On April 27, 2006, the plaintiff sent a facsimile to the United States Secretary of State requesting the arrest of Debra J. Prillaman, an Assistant United States Attorney, alleging obstruction of justice and mail fraud.

The plaintiff's complaint in this court, although a stream of consciousness, appears to allege that by refusing to file his multiple complaints in the District Court, the United States Department of Justice, the Clerk, Deputy Clerk and Judges of the United States District Court for the Eastern District of Virginia, as well as numerous others, have violated the plaintiff's Fifth Amendment rights to due process and constituted an obstruction of justice in violation of 18 U.S.C. § 1505 (2000), "through willful negligence demonstrating breach of duty to an American citizen, causation, and psychological stress."

## DISCUSSION

The court recognizes that the plaintiff is proceeding *pro se*. Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. at 15, 101 S.Ct. 173), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which appellant has not spelled out in his pleading. . . .'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). " 'A complaint that is . . . confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. . . .'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied* (2004).

The plaintiff in the above-captioned case, Philip Tinsley III, is not new to litigation either in this court or other state and federal courts. In this court alone, the plaintiff has previously filed three cases *pro se,* each of which was dismissed. *See Tinsley v. United States,* No. 00–162 (Fed.Cl. Aug. 4, 2000) (order by the undersigned judge dismissing case); *Tinsley v. United States,* No. 00–283 (Fed.Cl. May 31, 2000) (order dismissing case); *Tinsley v. United States,* No. 00–35 (Fed.Cl. Jan. 27, 2000) (order dismissing case), *aff'd,* 250 F.3d 759 (Fed.Cir.2000) (table).

For examples of the plaintiff's cases filed in other courts, *see United States v. Tinsley,* 10 Fed.Appx. 804 (Fed.Cir.2001) (dismissing for lack of jurisdiction plaintiff's appeal from a criminal conviction in the United States District Court for the Eastern District of Virginia of operating a vehicle with expired plates on federal property); *Tinsley v. ING Group,* No. 05–808–KAJ, 2006 WL 533375 (D.Del. Mar.3, 2006) (denying plaintiff's motion for entry of default judgment); *Tinsley v. Omaha State Bank,* No. 8:05CV311, 2006 WL 994569 (D.Neb. Jan.4, 2006) (dismissing the plaintiff's complaint against Omaha State Bank alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961–1968); *Tinsley v. Quick & Reilly, Inc.,* 216 F.R.D. 337 (E.D.Va.2001) (dismissing plaintiff's complaint for failure to prosecute).

The above cases are only those with published decisions; however, a search of state and federal docket sheets reveals numerous other complaints filed by the plaintiff against public officials, including Justices of the United States Supreme Court. *See Tinsley v. Gonzales,* No. 1:06CV00429 (D.D.C. filed Mar. 8, 2006); *Tinsley v. Ginsberg,* No. 1:03CV01539, 2003 WL 23780575 (D.D.C. filed July 17, 2003); *Tinsley v. Rehnquist,* No. 1:01–CV–01733 (D.D.C. Apr. 15, 2003) (order dismissing case); *Tinsley v. Hastert,* No.1:01CV02342 (D.D.C. June 18, 2002) (order dismissing case). These cases are only a small representation of the more than thirty

cases revealed to have been filed by the plaintiff *pro se.*

Reflecting this court's appropriately low threshold for frivolous and repetitive filings, in an order issued by Judge Christine Odell Cook Miller of this court on May 31, 2000, in *Tinsley v. United States,* No. 00–283C, the court ordered that the Clerk of this court refuse to accept any further filings by Mr. Tinsley. Specifically, the court stated:

> This is plaintiff's third complaint since January 2000. Absent further order of the court, the Clerk of the Court shall not accept for filing any future complaints or post-judgment pleadings by plaintiff, nor shall defendant be obligated to respond, or be subject to default for failing to respond, to them. *See Sterner v. United States,* 2 Cl.Ct. 253 (1983).

*Tinsley v. United States,* No. 00–283, slip op. at 2 (Fed.Cl. May 31, 2000).

Although a judge of this court previously barred plaintiff from future filings, the above-captioned complaint was erroneously filed and docketed by the Clerk's office. As a result, the court must review the plaintiff's claims to determine whether or not this court has jurisdiction over the plaintiff's complaint.

■ Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* and even on appeal. *See Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). A plaintiff must establish jurisdiction by a preponderance of the evidence. *See Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States,* 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001), *aff'd in part,* 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States,* 49 Fed.Cl. 673, 675 (2001), *aff'd,* 292 F.3d 1383 (Fed.Cir. 2002); *Vanalco, Inc. v. United States,* 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed.Cir.1996) (table). When construing the pleadings pursuant to a motion to dismiss, the court should grant the motion only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Brubaker Amusement Co. v. United States,* 304 F.3d 1349, 1355 (Fed.Cir.2002), *cert. denied sub nom. Penn Triple S v. United States,* 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003); *Leider v. United States,* 301 F.3d 1290, 1295 (Fed.Cir.), *reh'g and reh'g en banc denied* (2002), *cert. denied,* 538 U.S. 978, 123 S.Ct. 1786, 155 L.Ed.2d 666 (2003); *Conti v. United States,* 291 F.3d 1334, 1338 (Fed.Cir.), *reh'g en banc denied* (2002), *cert. denied,* 537 U.S. 1112, 123 S.Ct. 904, 154 L.Ed.2d 785 (2003); *Consol. Edison Co. v. O'Leary,* 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied sub nom. Consol. Edison Co. v. Pena,* 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *see also New Valley Corp. v. United States,* 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, and reh'g en banc declined* (1997); *Highland Falls–Fort Montgomery Cent. Sch. Dist. v. United States,* 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion must be denied.'"); *RCS Enters., Inc. v. United States,* 46 Fed.Cl. 509, 513 (2000).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds

upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding a motion to dismiss based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the nonmovant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. 99; *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied*, 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States*, 119 F.3d at 1580), *cert. denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir. 2000); *Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir.1998); *Highland Falls–Fort Montgomery Cent. Sch. Dist. v. United States*, 48 F.3d at 1167 (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir. 1991)); *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *Hamlet v. United States*, 873 F.2d at 1416; *Ho v. United States*, 49 Fed.Cl. 96, 100 (2001), *aff'd*, 30 Fed.Appx. 964 (Fed.Cir.2002); *Alaska v. United States*, 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d at 747; *Catellus Dev. Corp. v. United States*, 31 Fed.Cl. 399, 404–05 (1994).

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. *See* 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied*, 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States*, 168 F.3d at 1314; *Stinson, Lyons & Bustamante, P.A. v. United States*, 33 Fed.Cl. 474, 478 (1995), *aff'd*, 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr*, 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.*,

503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir. 1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), aff'd, 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *see also United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Fisher v. United States,* 402 F.3d 1167, 1173–74 (Fed.Cir.2005) (en banc); *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir. 1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for dam-

ages against the United States." (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed. Cir.1998), *reh'g denied* (1999))); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir.1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ This court may only render judgment for money when the violation of a constitutional provision, statute, or regulation independently mandates payment of money damages by the United States. *See Khan v. United States,* 201 F.3d 1375, 1377–78 (Fed. Cir.2000). For example, the First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. *See United States v. Connolly,* 716 F.2d at 886–87; *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed.Cir.1995), *cert. denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996); *Featheringill v. United States,* 217 Ct.Cl. 24, 33, 1978 WL 5755 (1978); *Rosano v. United States,* 9 Cl. Ct. 137, 142 (1985), *aff'd,* 800 F.2d 1126 (Fed. Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1350, 94 L.Ed.2d 521 (1987). Nor does the Fourth Amendment provide a basis for jurisdiction in this court. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."), *reh'g denied* (1997). The same is true of allegations concerning violation of the Due Process clauses of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment, since nothing in those clauses can be read to mandate monetary compensation. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *see also Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.1995) (citing additional cases); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987); *Loeh v. United States,* 53 Fed.Cl. 2, 4 (2002), *aff'd,* 55 Fed.Appx. 937 (Fed.Cir.2003); *Smith v. United States,* 51

Fed.Cl. 36, 38 (2001), *aff'd*, 36 Fed.Appx. 444 (Fed.Cir.2002); *Milas v. United States*, 42 Fed.Cl. 704, 710 (1999), *aff'd*, 217 F.3d 854 (Fed.Cir.1999).

■ The plaintiff's complaint alleges violations of the due process clause the Fifth Amendment to the United States Constitution and obstruction of justice by many individuals in the United States District Court for the Eastern District of Virginia. Claims of violations of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments or clauses under the Fourth Amendment are not within this court's jurisdiction because those clauses do not support a claim for money damages against the United States, as discussed above and as required for jurisdiction in this court. *See Crocker v. United States*, 125 F.3d at 1476 ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution."); *Collins v. United States*, 67 F.3d at 288 ("[T]he due process clause does not obligate the government to pay money damages."); *LeBlanc v. United States*, 50 F.3d at 1028 (Finding no jurisdiction under the Fifth and Fourteenth Amendments because they do not mandate money damages by the government.); *Mullenberg v. United States*, 857 F.2d at 773 (Finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States*, 817 F.2d at 1583 (The Fifth Amendment Due Process clause does not include language mandating the payment of money damages.); *see also Hurt v. United States*, 64 Fed.Cl. 88, 89 (2005) ("Nor can the court hear constitutional due process claims under the Fifth Amendment ...."), *aff'd*, 134 Fed.Appx. 446 (Fed.Cir. 2005).

Moreover, neither the Tucker Act, 28 U.S.C. § 1491 (2000), nor any other statutes conferring jurisdiction on this court establish jurisdiction over criminal matters in this court. Such jurisdiction is reserved to the United States Federal District Courts. The United States Court of Appeals for the Federal Circuit has clearly identified this court's lack of jurisdiction over criminal matters and

due process claims. In *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994), the Federal Circuit identified the Court of Federal Claims as a court of specific, civil jurisdiction, defined by 28 U.S.C. § 1491, which "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation." *See also Miller v. United States*, 67 Fed.Cl. 195, 199 (2005). The plaintiff in this case ask this court to review actions of a United States Federal District Court. The United States Court of Federal Claims, however, "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d at 380. Accordingly, this court has no jurisdiction over the plaintiff's complaint.

■ Although this court has determined that it is without jurisdiction over the plaintiff's claims, that does not imply that the court is without jurisdiction to award sanctions pursuant to RCFC 11. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137–38, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (district court may impose sanctions, pursuant to Fed. R.Civ.P. 11, for abuse of judicial process, even though it is determined that district court had no subject matter jurisdiction), *reh'g denied*, 504 U.S. 935, 112 S.Ct. 2001, 118 L.Ed.2d 596 (1992). The plaintiff in this case has filed three previous cases in this court. Mr. Tinsley's previous complaints in this court allege similar violations as those presented in the plaintiff's complaint currently under review, i.e. negligence or violations of law by government officials in their official capacities. The plaintiff's previous complaints were dismissed for want of subject matter jurisdiction. The plaintiff, therefore, is well informed that this court cannot address the actions of government officials unless those actions fall within the Tucker Act jurisdiction of this court.

The continuous receipt of Mr. Tinsley's inappropriate filings taxes this court's resources as well as the resources of the Department of Justice and, therefore, the trea-

sury, to which all taxpayers contribute. As such, the judicial process is abused and other litigants who properly have claims before this court are affected adversely. It is apparent that this abuse will continue unless forestalled. Based upon the plaintiff's history in this and many other courts, "[t]he unescapable conclusion is that [petitioner] [here Mr. Tinsley] is engaged on this appeal in 'recreational' litigation, misusing precious and limited resources better spent on claims of his fellow citizens to whom those resources belong. The present appeal is frivolous." *Bergman v. Dep't of Comm.*, 3 F.3d 432, 435 (Fed.Cir.1993) (quoting *Beachboard v. United States*, 727 F.2d 1092, 1095 (Fed. Cir.1984)), *cert. denied*, 510 U.S. 1115, 114 S.Ct. 1062, 127 L.Ed.2d 381 (1994); *see McEnery v. Merit Sys. Protection Bd.*, 963 F.2d 1512, 1516 (Fed.Cir.1992) (complaints "which have no hope of succeeding place an unnecessary and intolerable burden on judicial resources."), *reh'g denied* (1992); *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1382 (Fed.Cir.1982) ("The filing of and proceeding with clearly frivolous appeals constitutes an unnecessary and unjustifiable burden on already overcrowded courts, diminishes the opportunity for careful, unpressured consideration of nonfrivolous appeals, and delays access to the courts of persons with truly deserving causes.").

The court reminds Mr. Tinsley that litigation is serious business. "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." *Constant v. United States*, 929 F.2d 654, 659 (Fed.Cir.), *cert. denied*, 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991). Further, "[w]here, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic, and indeed is contradicted by clear statutory language, the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed.Cir.2001).

Rule 11 of the Rules of the United States Court of Federal Claims (RCFC) grants this court the authority to impose sanctions on parties who file frivolous or baseless pleadings. Specifically, RCFC 11 requires that, by filing a complaint in this court, the plaintiff represents that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law...." Having been dismissed from this court on three occasions, the plaintiff's actions in filing a fourth complaint alleging similar actions is frivolous and harassing. Accordingly, the court could impose monetary damages. However, RCFC 11 states that sanctions should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and permits the imposition of nonmonetary sanctions. The appropriate sanction in this case, therefore, is to bar plaintiff from filing any future complaints without an order of this court approving such a filing. *See Bergman v. Dep't of Comm.*, 3 F.3d at 435 (barring the filing of future appeals by plaintiff without judicial review and approval of the appeal after referral to a judge for screening); *Aldridge v. United States*, 67 Fed.Cl. 113, 124 (2005) ("Plaintiff is further ORDERED to cease filing any further action related to Plaintiff's eviction from the Property in the United States Court of Federal Claims. The Clerk of the Court is directed to accept no filing from Plaintiff, without an Order of the court approving the filing."); *Hornback v. United States*, 62 Fed.Cl. 1, 6 (2004) ("To prevent *abuse* of the *judicial process* by plaintiff," the court barred future filings by plaintiff "absent advance written permission by a judge of this court."), *aff'd*, 405 F.3d 999 (Fed.Cir.), *reh'g en banc denied* (2005); *Anderson v. United States*, 46 Fed. Cl. 725, 731 (2000) ("The clerk of the court is further directed not to file any pleadings or documents of any kind, submitted by plaintiff in this court, without the advance written permission of a judge from this court."), *aff'd*, 4 Fed.Appx. 871 (Fed.Cir.), *cert. dismissed*, 533 U.S. 926, 121 S.Ct. 2577, 150 L.Ed.2d 713, *reconsideration denied*, 534 U.S. 809, 122 S.Ct. 29, 151 L.Ed.2d 8 (2001).

## CONCLUSION

For the foregoing reasons, this court is without jurisdiction to review the plaintiff's complaint. The plaintiff's complaint, therefore, is **DISMISSED,** with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion and is directed, as it was previously, to accept no future filings from the plaintiff without an order by a judge of this court approving the filing. From the filing of this case, no. 06–376C, the plaintiff should not be allowed to take comfort that future attempts at filing in the court will be allowed. The normal diligence of the Clerk's office, hopefully, will forestall such an event. The Clerk of the Court shall retain a copy of this order on file indefinitely and refer to it in the event any future filings are presented by Mr. Tinsley. Costs to the defendant.

**IT IS SO ORDERED.**